(51 Misc. 486)

### In re INDEPENDENCE LEAGUE.

(Supreme Court, Erie County. October 22, 1906.)

1. ELECTIONS—NOMINATION BY ELECTORS—GENERAL RULE.

The provisions of the election law in reference to certificates of nomination by independent bodies should be liberally construed.

2. SAME—REQUISITES OF CERTIFICATE.

It is not a valid objection to a certificate of nomination that some of the sheets constituting it were delivered to the commissioner before the certificate was complete on its face, the certificate being subsequently completed by the addition, within the time fixed for filing certificates, of sheets completing the requisite number of names.

3. SAME—NAME OF OFFICE.

Where the member of assembly was the only officer to be elected from an assembly district, failure of certificates of nomination reading "First Assembly District" to contain the name of the office, as required by Laws 1896, p. 922, c. 909, § 56, constitutes a defect merely, within the meaning of section 66, page 931, authorizing the committee appointed by such certificates for such purpose to supply defects of certificates "defective but not wholly void."

4. SAME—RESIDENCE OF ELECTORS.

Under Laws 1896, p. 925, c. 909, § 57, providing that the certificate of nomination shall be subscribed by electors of the district making oath to the residence stated therein, names must be rejected by the commissioner where the residence given is outside the district, and extrinsic evidence cannot be received to establish their residence within the district.

5. SAME—DETERMINATION—JUDICIAL NOTICE—EVIDENCE.

In determining whether the names subscribed to a certificate of nomination are those of resident electors, the commissioner and the court may take notice of the district boundaries and location of street numbers given, or may receive evidence that the residence given is outside the district.

6. SAME—ILLEGIBLE SIGNATURES.

While the commissioner of elections may use the notary's certificate to aid him in reading the signatures to a certificate of election, yet it must appear from the certificate itself that the notary has certified that the electors who subscribed made oath, as required by Laws 1896, p. 925, c. 909, § 57, and wholly illegible signatures should be rejected.

7. SAME—SIGNATURE UNDER OATH—SUFFICIENCY.

Where sheets of two certificates of nomination for separate offices are joined together, the signatures being the same to each sheet, a single notary's certificate referring to "the foregoing certificate" is not sufficient, under Laws 1896, p. 925, c. 909, § 57, requiring the elector signing a certificate to make oath thereto.

8. SAME—AMENDMENT—DECISION OF COMMISSIONER—REVIEW—JURISDICTION.

After the time has elapsed for the filing of certificates of nominations to fill vacancies, the Supreme Court has no jurisdiction to entertain summary proceedings to review the commissioner's finding as to whether names of electors on sheets containing a certificate of nomination of an officer, but attached to a certificate of nomination of another officer, could be counted as names for the first officer, or to direct the sheets to be attached to the certificate of nomination for the first officer.

Review of the decision of the commissioner of election as to the validity of certificates of nomination in Erie county and assembly districts.

H. W. Killeen, Thomas C. Burke, and J. W. Fisher, for objectors. Wallace Thayer, A. G. Jackson, and Lewis Stockton, for nominators.

POUND, J. (orally). This matter is presented to the court in an informal manner, the objectors and the committee designated by the Independence League to fill vacancies, etc., appearing in open court with the commissioner of elections, and submitting various questions of law to the court for its determination; the commissioner having overruled, pro forma, the objections based thereon, for the purpose of obtaining the direction of the court. The court in deciding such questions will be guided by the principle that the provisions of the election law in reference to certificates of nomination by independent bodies should be liberally construed, so as to promote, and not to hinder, the independence of voters at public elections. Matter of McClosky, 21 Misc. Rep. 365, 47 N. Y. Supp. 294.

First. The chief objection enumerated is that said certificates, or some of them, are not valid certificates, for the reason that, as originally filed, they did not contain the number of names required by law to make a nomination. In all such cases the various sheets containing the certificate of nomination were not all delivered to the commissioner at onè time, but part were delivered to the commissioner on October 16th, and part on the day following, which was the last day for filing such certificates. There is but one certificate of nomination for each office, which may consist of several separate sheets bound together, each containing the printed form of certificate and signatures, duly authenticated. Matter of Bulger, 48 Misc. Rep. 584, 97 N. Y. Supp. 232. "The signatures to the certificate of nomination need not all be appended to one paper." Election Law, § 57 (Laws 1896, p. 925, c. 909). It is not, in my judgment, a valid objection that some of such sheets were delivered to the commissioner before the certificate was complete on its face. If the certificate is on its face void for lack of sufficient names, the commissioner should not file it as a certificate of nomination, but should reject it, whether objections are made thereto or not; but if the certificate, otherwise regular, is completed by the addition of sufficient names thereto within the time fixed by law for filing certificates of nomination, it then becomes, prima facie, a valid certificate. Meanwhile the sheets of paper containing the certificate with signatures duly authenticated may remain in the office of the commissioner, if he has not had an opportunity to count the number of names and satisfy himself as to its validity. It does not become a certificate of nomination until it is complete in this respect. No particular sanctity attaches to the act of delivering to the commissioner all the sheets of paper at one time as a single act. The commissioner may, on discovering the defect of names when the certificate is first presented to him, return the certificate to the nominators, who would then clearly have the right to redeliver it to the commissioner with additional names within the time fixed by law, if they were able to do so.

Second. The assembly certificates originally filed did not contain the name of the office, as required by section 56 of the election law (Laws 1896, p. 922, c. 909), but read: "First (Second, or Third, etc., as the case might be) Assembly District," followed by the name, residence, and place of business of the candidate nominated. This defect was in each case supplied by the committee appointed on the face of such certificates to supply defects, fill vacancies, etc., pursuant to the provisions

of section 66, p. 931, of the election law; but it is objected that such certificates were not defective merely, but wholly void, and therefore that such committee had under the law no power to make such corrections, they being authorized to do so only where the certificate is "defective, but not wholly void." In my opinion these certificates were defective, but not wholly void. Member of assembly is the only officer to be elected in Erie county this fall from an assembly district. No one was or could be misled as to the intent of the nominators who filed such certificates of nomination by the omission. The question is a close one, and doubts should, if possible, be resolved in favor of the nominators.

Third. The law provides (section 57) that the certificate shall be subscribed by electors of the district, "each of whom shall add to his signature his place of residence and  *  *  *  make oath that he has truly stated his residence." When it appears on the face of the certificate that the place of residence as stated and sworn to by the subscriber is outside the district for which the nomination is made, it is the duty of the commissioner to reject such names, and extrinsic evidence will not be received to establish that such electors reside in the district. The certificate must show on its face that it is subscribed by the requisite number of resident electors, and if it is defective in this respect the certificate is invalid. The commissioner of elections and the court may take notice of the boundaries of election districts, and of the location of street numbers in regard thereto, or may receive evidence that the places of residence as given are outside the district for which the nomination is made.

Fourth. The commissioner of elections must satisfy himself from an examination of the certificate itself that the notary has certified that the electors who subscribed the certificate appeared before such notary, and made oath, as required by section 57 of the election law. He should reject wholly undecipherable and illegible signatures, although he may use the notary's certificate to aid him in reading the signatures. Illiterate electors should sign by mark, properly authenticated, and not by an absolutely unintelligible scrawl.

Where sheets of two certificates for separate offices (as for senator and for assemblyman) are joined together, the signatures being the same to each sheet, it should appear from the notary's certificate that persons who subscribed both certificates appeared, and made oath before such officer as to each such certificate. Mere identity of names on both certificates, so joined on separate sheets, is not sufficient evidence that both certificates were properly authenticated, when the notary's certificate refers to "the foregoing certificate" only, and there is but one notary's certificate.

NOTE.—These objections having been submitted and disposed of on the last day fixed for filing certificates to fill vacancies, the parties appeared before the court on the day following for a ruling on the question whether names of electors on sheets containing the certificate of nomination for member of assembly, which had been bound together with sheets containing the certificate of nomination for senator, could now be counted as a part of the certificate of nomination for member of assembly; the error having been just now discovered. I held that the jurisdiction of the court to entertain summary proceedings to review the determination of the commissioner had terminated, and declined to entertain the application or decide a moot

question. The time for the committee to supply the defect in the certificate of nomination for member of assembly, objected to on the previous day as containing less than 500 names, had expired, and the court has no jurisdiction to act for said committee, and supply the defect by a summary order directing such sheets to be taken from the certificate of nomination of senator, and attached to the certificate of nomination of member of assembly. I was of the opinion that such certificate was, under the circumstances, defective, but not void, but that the time to correct defects has gone by, and that the certificate of nomination must be considered as being the various sheets bound together and filed as one certificate, and not as being the various loose and misplaced sheets in the office of the commissioner.

No question as to authority to use the emblem of the Independence League arose on the proceedings.