---

(76 Misc. Rep. 33.)

SALTER et al. v. BOARD OF ELECTIONS OF CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. March 18, 1912.)

ELECTIONS (§ 156*)—REVIEW BY COURTS—STATUTORY PROVISIONS.

Under Primary Law (Laws 1911, c. 891) § 56, providing that any action or neglect of any public officer or board shall be reviewable upon petition of any person aggrieved by summary proceedings before the Supreme Court or a justice thereof, where a certificate of designation of candidates to be voted for is regular on its face, the action of the board of elections in accepting it is not subject to review, on proof that certain signers did not acknowledge their signatures, neither the board of elections nor the court having power to go behind the face of the certificate and determine its validity, especially in view of the fact that the power expressly given to the court by Election Law (Consol. Laws 1909, c. 17) § 125, to determine the construction, sufficiency, validity, and legality of certificates of nomination, is not contained in the Primary Law.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 129; Dec. Dig. § 156.*]

Motion by enrolled members of the Independence League of the Twenty-Third Assembly District to have declared invalid a certificate of designation of candidates for the county and other committees to be voted for at the coming election. Motion denied.

Order affirmed, 133 N. Y. Supp. 1142.

Isaac E. Chadwick, for petitioner.
Herman N. Hansen, for George W. Salter.
Archibald R. Watson, Corp. Counsel (Sanders Shanks, Asst. Corp. Counsel, of counsel), for Board of Elections.

BLACKMAR, J. This is a motion made by enrolled members of the Independence League of the Twenty-Third assembly district to have declared invalid, illegal, and void the certificate of designation of certain candidates for the Independence League county committee of the county of Kings, and other committees, to be voted upon at the coming primary election. The order to show cause was served upon one member of the nominating committee of the independent candidates and upon the board of elections. It appears by concession of the par-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ties that 39 names were required for the certificate of designation; that the certificate in question actually contained 41 signatures, but that 2 of them were not enrolled members of the Independence League, as required by the statute. The petition is based upon the affidavits of certain signers of the certificate of declaration, deposing that, although they signed the certificate, they were not sworn as the statute requires, nor did they acknowledge their signatures before the proper officer. These affidavits are not contradicted, and the question is therefore squarely before the court whether the Primary Law confers upon this court the power to determine the validity of independent certificates of designation which appear upon their face to be regular, and to which there is appended a sufficient certificate of a notary public as required by section 48 of the Primary Law.

An independent designation of candidates for a primary election is in its nature analogous to independent certificates for nomination for a general election. Both are controlled and regulated by statute. The statute prescribes their form and requirements. In the General Election Law express power is conferred by section 125 to determine the "construction, sufficiency, validity and legality" of any such certificate of nomination. Under this law it has been held that the sufficiency or truth of a notarial certificate, appended to the certificate of nomination, may be investigated by the court. Matter of Terry, 203 N. Y. 293, 96 N. E. 931; Id. 146 App. Div. 520, 131 N. Y. Supp. 841. But I find no such authority under the Primary Law of 1911.

The present Primary Law provides for an official ballot, upon which shall be printed the names of candidates to be voted for at the primaries. These candidates may be those who are designated by a party committee authorized to represent the party organization, or those who are designated by certificates of designation filed with the custodian of primary records. Section 48 prescribes the form of such certificates of designation, the number of signatures required, and the qualifications of signers. Section 58 provides for the printing of the primary ballot, upon which there shall be placed the names of the candidates upon designations duly made as prescribed in this chapter. A reading of this provision of the primary law, with certain others determining the number of signatures required for each certificate, and defining who may legally sign the same, show that, when such a certificate is presented to the custodian of primary records within the time prescribed by law, it is his duty to accept and file the same, and to print the names of the candidates therein contained upon the primary ballot. This is a duty of the custodian of primary records, which he may not refuse to perform. The test by which he is to determine whether a certain person has signed the certificate, or sworn to the same, is the required certificate of the notary public. Behind this he has no power to go.

Section 56 of the act authorizes a judicial inquiry. It reads as follows:

"Any action or neglect of the officers or members of a political convention or committee, or of any inspector of primary election, or of any public officer or board with regard to the right of any person to participate in a primary election, convention or committee, or to enroll with any party, or

with regard to any right given to or duty prescribed for, any voter, political committee, political convention, officer or board, by this article, shall be reviewable by summary proceedings upon the petition of any person aggrieved thereby, or upon a petition presented by the chairman of any political committee, which summary proceedings may be instituted before the Supreme Court or a justice thereof within the judicial district where the transaction, act or neglect of duty took place."

This sentence authorizes a judicial review of any action or neglect of the officers or members of the political convention or committee, or inspector of primary records, or of any public officer or board. In this case, there is no question of the action of the officers or members of a political convention or committee, or the inspector of primary records. If there is any jurisdiction in this case, it is to review the action or neglect of the board of elections in accepting this certificate, and to restrain them from giving it effect by printing the names of the candidates on the primary ballot. Now the certificate was regular on its face. It was therefore the duty of the custodian of primary records to accept it. The court is given power to review his action in this respect. If, then, the certificate is sufficient on its face and is in the form prescribed by statute, apparently signed by the persons authorized by statute to sign it, and contains the required number of signatures, as was the case here, I can only decide that the custodian of primary records has performed his duty. It is significant that whereas, in the General Election Law the power is expressly given to the court to go behind the face of the certificate and determine its validity and legality, such power is not by express terms conferred by the Primary Law. The General Election Law was presumably familiar to the members of the Legislature who enacted the Primary Law, which is in reality an amendment thereof. The omission, therefore, to expressly confer this power, as was done by the Election Law, is conclusive against the proposition that the power should be inferred. The action of the court in this case must be based upon statutory authority, and I find no authority to go behind the certificate of the notary public and declare the certificate of designation invalid, because not duly acknowledged or verified, when the certificate of acknowledgment and verification is regular and sufficient on its face. It is worthy of note that whereas General Election Law, § 134, provides for notice to the parties actually interested in the independent certificate, the Primary Law contains no such provision. Section 123 of the Election Law contains provisions for evidence to test the validity of nominating certificates. The Primary Law contains no like provision as to the candidates' designations.

I regret that I have not had more time to consider this question. Several of these motions are pending, and at least 100 witnesses have been subpœnaed and are present, whose testimony should be taken if I have power to go behind the notary's certificates. It became necessary, therefore, to decide this question pending the hearing of the motion. I do not mean to decide that if the certificates are not sufficient on their face, because not properly acknowledged or verified, or in that they contain signatures of persons not enrolled, or like defects,

the court cannot pass on them. ' Such questions involve the determina-tion whether the board has properly performed its duty in filing them.
   Motion denied.