Matter of the Application of MATTHEW J. CAHILL for Relief under Section 56 of the Election Law of the State of New York.

(Supreme Court, New York Special Term, August, 1919.)

Election Law — jurisdiction of board of elections — statutes — primary elections.

On July 28, 1919, the chairman of the Democratic county committee of Richmond county filed with the board of elections of the city of New York a statement showing the number of com-

mitteemen to be elected at the primary in each district. On August 5, 1919, petitions were filed on behalf of those chosen by the organization of the party for these places, and on the same day a written objection to the statement was filed with said board, upon the ground that it did not specify the correct number of members to be voted for as required by section 37 of the Election Law. Two days thereafter another objection in writing was filed with the board, based on similar grounds. Upon the same day that notice of said objections was duly given a hearing was had thereon before the board at which both sides were given full opportunity to state their respective contention. *Held,* that a resolution or order: "That the portion of the Primary Call filed by the Chairman of the Democratic Committee of Richmond County that specifies the number of members of the County Committee to be voted for at the Primary Election is defective and not in accordance with the requirements of the Election Law, and that the names of the persons that may be thereby designated for members of the County Committee of the Democratic Party in Richmond County are not entitled to be placed upon the ballot," was within the jurisdiction of the board of elections, and that having acted within its statutory powers a motion to declare said resolution null and void and of no effect will be denied.

APPLICATION to declare null and void a resolution of the board of elections of the city of New York.

Alfred V. Norton, for petitioner.

William P. Burr, corporation counsel (George P. Nicholson and Russell L. Tarbox, of counsel), for Board of Elections.

LYDON, J. This is an application to declare null and void, and of no effect, a resolution, order, or ruling of the board of elections of the city of New York, passed on August 7, 1919, and directing it to print on the official primary ballot the names of the persons designated as candidates for Democratic county committeemen in Richmond county.

The facts are undisputed. On July 28, 1919, the chairman of the county committee filed with the board a statement showing the number of members to be elected in each district. On August 5, 1919, petitions were filed on behalf of those chosen by the organization of the party for these places. On August 5, 1919, a written objection to the said statement was filed with the board by one Curley, upon the ground that it did not specify the correct number of members to be voted for as required by section 37 of the Election Law. On August 7, 1919, a written objection to the said petition was filed with the board by one Rowland upon similar grounds. Notice of these objections was duly given and the same day a hearing was held by the board, at which a full opportunity was afforded to both sides to state their respective contention, and the order now attacked was adopted as follows:

" That the portion of the Primary Call filed by the Chairman of the Democratic Committee of Richmond County that specifies the number of members of the County Committee to be voted for at the Primary Election is defective and not in accordance with the requirements of the Election Law, and that the names of the persons that may be thereby designated for members of the County Committee of the Democratic Party in Richmond County are not entitled to be placed upon the ballot."

The contention of the applicant is that the board of elections had no jurisdiction in the premises and that its act in holding a hearing after notice of the objections filed by Curley and Rowland was illegal and void. Ever since the board of elections was created it has undertaken to pass, in the first instance, upon all applications of this kind, and has in this way disposed of innumerable details which should not occupy the time of the courts. Its rulings and de-

cisions are readily reviewed if incorrect. The board is charged with the duty of executing the laws relating to all elections held within its jurisdiction. To sustain the contention of the applicant would amount to holding that the board must receive any paper filed with it, regardless of its defects, which in my opinion the legislature never intended. In my opinion the board in this instance acted within its statutory powers.

Motion denied.