In the Matter of the Application of HARTWELL W. BOOTH for an Order Directing the Clerk of the County of Oneida to Print on the Official Ballot the Name of HARTWELL W. BOOTH as a Candidate for the Position of Member of Assembly.

Supreme Court, Oneida County, September, 1922.

Elections — designating petition for primary election containing less than requisite number of signatures — duty of county clerk to pass on validity — that the person named in the petition is allowed to draw for a place on the ballot does not amount to a waiver and where the county clerk later rejects the petition and refuses to place the name on the ballot, his action will not be disturbed.

A failure to file a designating petition containing the names of a sufficient number of qualified electors as required by section 136 of the Election Law, invalidates the same, renders it null and void and, therefore, inoperative, and the candidate therein named is not regularly and duly designated.

The Election Law does not invest the courts with power to amend a petition already filed, and a contention that by allowing the petitioner to draw for a position on the official primary ticket the county clerk waives any defect in the designating petition cannot be sustained.

A designating petition for the purpose of having petitioner's name placed on the official primary ballot as one of the candidates for the Republican nomination for member of assembly from the first district of Oneida county, signed by sixteen less than the number of enrolled Republican electors necessary to consti-

tute a valid petition under section 136 of the Election Law, was filed on the last day prescribed by law for such filing. The county clerk rejected the petition for the reason that it did not contain the requisite number of signatures of persons duly qualified to sign the same and gave notice to petitioner accordingly. Prior to the rejection of the petition the petitioner with knowledge of the fact that it had not been regularly examined and that there was some uncertainty whether it contained the names of the proper number of qualified electors who had signed the same, was allowed to draw for a position on the primary ticket. Upon petition for an order directing the county clerk, as the board of elections of said county, to place on the official primary ballot the name of the petitioner as a candidate for such member of assembly, *held*, that under sections 102 and 142 of the Election Law the board of elections (county clerk) had the power and it was his duty to pass upon the validity of the petition whether objections were filed thereto or not.

The designating petition being invalid, inoperative and void the county clerk properly rejected the same and properly refused to place petitioner's name on the primary ballot, and the petition for the order asked hereon will be dismissed, without costs.

MOTION for an order or writ requiring Frank M. Rathbone, clerk of Oneida county, and directing him to place on the official ballot the name of Hartwell W. Booth as a candidate for the position of member of assembly for the first assembly district of the county of Oneida, N. Y.

*George E. Dennison (William R. Goldbas, of counsel), for petitioner.*

*Harry N. Harrington,* county attorney, and *M. G. Hubbard,* for Frank M. Rathbone.

MARTIN, LOUIS M., J. The petitioner herein on August 22, 1922, filed with the county clerk of Oneida county, the duly constituted board of elections of said county, what is known as a designating petition, for the purpose of having his name duly placed on the primary ballot as one of the candidates for the Republican nomination for member of assembly from the first district of Oneida county, N. Y. This petition was signed by 294 persons and was filed on the last day prescribed by law for filing the same. The said petition was rejected by the county clerk August 29, 1922, for the reason that it did not contain the requisite number of signatures of persons duly qualified to sign the same, and notice given to petitioner accordingly. Prior to this rejection, petitioner was allowed to draw for a position on the primary ticket with knowledge of the fact that the petition had not been regularly examined, and. that there was some uncertainty as to whether or not it contained the names of the proper number of qualified electors who had signed the same.

The petition herein asks for an order of this court requiring the county clerk of Oneida county, as the board of elections of said

county, to place on the official primary ballot the name of petitioner as a candidate for such member of assembly.

The fundamental question to be decided here is whether or not the petition filed contained the names of the requisite number of qualified electors authorized and empowered by law to sign the same.

Section 136 of the Election Law provides as follows:

" 2. A petition must be signed by not less than three per centum as determined by the preceding enrollment, of the enrolled voters of the party residing within the political unit in which the office or position is to be voted for, provided, however, that for the following public offices the number of signatures need not exceed the following limits: . * * * for any office to be filled by all the voters * * * of any assembly district * * * two hundred and fifty."

The petition filed contained two hundred and thirty-four properly enrolled Republicans; thirty-five Republican electors, not enrolled; ten Republican electors enrolled in the second assembly district; one enrolled Republican elector in the third assembly district; ten Democratic enrolled electors; two blank, and two Republican electors signed the petition twice; or sixteen less than the number of enrolled Republican electors necessary to constitute a valid petition as prescribed by section 136 of the Election Law quoted above.

A duty devolves upon every person who becomes a candidate for a public office under the Direct Primary Law. He is given ample time to procure the proper signatures and check up the names on his petition, to see if they comply with the law before filing the same and thus avoid error. Failure on his part is his own default, and the consequences must be borne by the party himself. A failure to file a designating petition containing the names of a sufficient number of qualified electors invalidates the same, renders it null and void, and, therefore, inoperative and the candidate therein named is not regularly and duly designated. To hold otherwise would be to nullify the most important provision of the Direct Primary Law.

Contention is made by the petitioner herein that this designating petition should stand for the following reasons:

(a) That the county clerk was and is bound by the petition as filed, and had not the legal right to pass on the qualifications of the signers, and if so, that he must so investigate and pass on the same within three days after filing.

(b) That the designation must stand as valid for the reason that no written objection was made to it and filed within three days as provided by section 142 of the Election Law.

(c) That the county clerk, having allowed petitioner to draw for a position on the primary ballot, had recognized the petition as valid, and is, therefore, estopped from repudiating the same after said time.

The case of *Matter of Board of Elections*, 76 Misc. Rep. 33, cited for petitioner, does not hold that the board of elections (county clerk) has no power to inquire into the qualifications of the signers of such a petition, but on the contrary, clearly intimates that this could be done, Justice Blackmar stating as follows: " I do not mean to decide that if the certificates are not sufficient on their face because * * * they contained signatures of persons not enrolled * * * the court cannot pass on them. Such questions involve the determination whether the board has properly performed its duty in filing them."

That such a power exists and that it is the duty of the county clerk to determine this most vital question is clearly indicated by the Election Law. The portions of sections 102 and 142 of said law which apply are as follows:

" § 102. If the officer or board with whom or which are filed petitions or certificates of designation or nomination shall find that such petitions or certificates are in compliance with this chapter, the names of the candidates thereby designated or nominated shall * * * be printed upon the appropriate official ballot."

" § 142. When a determination of such objections is made, or, no objections having been filed, when a determination is made that a certificate or petition is insufficient, such officer or board shall give notice of the determination forthwith by mail to each candidate named in the petition or certificate, and, if the determination is made upon objections, to the objector."

The power to " find that such petitions or certificates are in compliance with this chapter," and the power to hold the same " insufficient " and to reject, involves not only the right to investigate but makes it the mandatory duty of the county clerk to determine at any time before the printing of the primary ballot as to the validity of the petition; he is not bound by the three-day limit under section 142 of the Election Law. That limit applies only to a contestant filing written objection. A board of elections, or a county clerk clothed with its powers, with power to reject, must have the power to investigate the question as to whether or not the signatures to the petitions or certificates of designation are legal or illegal, for the reason that they could not intelligently pass on the question if they did not have such power so to act in the premises. The Election Law would be inoperative and void

in its most essential features if there was not some safeguard against illegal petitions or designations.

Reading the portions of section 102 and section 142 which apply to the question of the power and duty of the board of elections (county clerk) as a whole clearly indicates that this activity was contemplated by the legislature.

" If the officer or board with whom or which are filed petitions or certificates of designation or nomination shall find that such petitions or certificates are in compliance with this chapter, the names of the candidates thereby designated or nominated shall * * * be printed upon the appropriate official ballot." § 102. " When a determination is made that a certificate or petition is insufficient, such officer or board shall give notice of the determination forthwith by mail to each candidate named in the petition or certificate, and if the determination is made upon objections, to the objector." § 142.

In other words, the board of elections (county clerk) must act and investigate and, if valid, place the name on the ballot; if invalid, reject, and he should act whether objections are filed or not.

This proposition has been the subject of discussion in many opinions of the courts. In *Matter of Cahill*, 108 Misc. Rep. 449, 451, in discussing this question, the court in its opinion states as follows: " The contention of the applicant is that the board of elections had no jurisdiction in the premises * * *. Ever since the board of elections was created it has undertaken to pass, in the first instance, upon all applications of this kind, and in this way has disposed of innumerable details which should not occupy the time of the court. Its rulings and decisions are readily reviewed if incorrect. The board is charged with the duty of executing the laws relating to all elections held within its jurisdiction. To sustain the contention of the applicant would amount to holding that the board must receive any paper filed with it, regardless of its defects, which in my opinion the legislature never intended. In my opinion the board in this instance acted within its statutory powers."

In *Matter of Horan*, 108 App. Div. 269, the board of elections acted and deducted from the certificate certain names, and the court in its opinion in regard to this act used the following language: " By deducting from the certificate the names of those not entitled to be counted, there was not sufficient to make a valid nomination, and the board of elections was, therefore, right in its determination. * * * "

" The certificate must show on its face that it is subscribed by the requisite number of resident electors." *Matter of Independent League Nomination*, 51 Misc. Rep. 486, 489.

" The duty of executing the election laws, however, is expressly enjoined upon the board by section 190 of the Election Law (as amended by Laws of 1919, chapter 369). Therefore, it is its duty to refrain from acting upon papers purporting to be certificates of nomination which do not appear on the face thereof to be executed in the form and manner required by law." *Matter of McGrath,* 189 App. Div. 140.

That this decision applies to counting and investigating the electors signing the petition is evident from the decision of the same court in *Matter of Murphy,* 189 App. Div. 135, 139, where the court holds: " It is manifest that the duty of counting the number of nominators who have registered devolves upon the board * * * which requires the board to execute the Election Law."

Section 142 of the Election Law permits any person to file objection to the petition or designation within three days; this is simply to allow a contesting candidate an opportunity to object to the paper filed, if he or she cares to do so; they are estopped after that time from contesting its validity. This does not remedy the defect in an invalid petition or designation, for the reason that the same section provides that the board must still, if found invalid, reject and serve notice of rejection on the candidate, and the fact that there is added to this the following words: " If determination is made upon objections, to the objector," clearly indicates that two determinations can be made; one on the application of the objector, and the other on the initiative of the board itself.

The contention that by allowing the petitioner to draw for a position the county clerk waived any defects in the petition or designation cannot be sustained. There is no fixed time in which he shall act, except that it must be done before the printing of the primary ballot and with diligence. This petition was filed the 22d day of August, 1922, and the county clerk proceeded with his duties of examination of a large number of petitions which were filed; the time for drawing places on the primary ballot was limited by law to August 28, 1922. The affidavits on this motion show that the election deputies had not fully checked up the names on the petitioner's designation at the time, but one of them stated to petitioner that it was doubtful if petitioner could retain his place on the ballot, but that if he wished to draw under these conditions, he could do so, and the petitioner consented to this arrangement. This is disputed by counsel for petitioner on the argument, but as no affidavit of petitioner is filed disputing the same, I feel bound by the affidavit as made by the county clerk, and hold that no waiver was made, and that the county clerk was not stopped from investigation and rejection even if no such conversation took place.

An invalid petition or designation is invalid, and no official can stipulate or agree to make it otherwise.

Suggestion was made in this case that certain persons, not exceeding three in number, who signed the petition, gave their street addresses as they now exist and have formerly enrolled under their prior residence number, and the question arises should their names be allowed to stand as valid. There are not enough of these to change the result and to make the petition valid, and even if there were enough, it would involve an amendment of the petition or designation, and this the Special Term has no power to do. It will have to stand in relation to residence as the electors indicated. There is no power given the court in the Election Law to amend a petition filed. *Matter of King,* 155 App. Div. 720; Saxe's Manual of Elections, 79, 216.

I, therefore, find and decide that the petition or designation of nomination filed by the petitioner herein with the county clerk of Oneida county as the bureau of elections, August 22, 1922, did not comply with section 136 of the Election Law in that it was not signed by at least 250 voters of the party residing within the political unit in which the office or position is to be voted for, viz., the first assembly district of Oneida county, N. Y., and is, therefore, invalid, inoperative and void, and that the county clerk of Oneida county properly rejected the same and properly refused to place petitioner's name on the primary ballot. The petition for an order compelling him so to do is, therefore, dismissed, without costs. An order may be prepared accordingly and if not agreed upon, submitted on two days' notice.

Ordered accordingly.