In the Matter of the Application of JOSEPH A. MARION, for a Determination of the Sufficiency of His Designating Petition as a Candidate for District Attorney upon the Democratic Ticket.

Supreme Court, Erie County, September 3, 1940.

*Montfort & Montfort* for Joseph A. Marion, petitioner *in pro per.*

*George B. Doyle* [*John A. Lynch* and *Bernard M. Cohen* of counsel], for Arthur Wilson, objector.

*Paul J. Batt, County Attorney* [*Elmer Weil* and *Edward D. Siemer, Assistant County Attorneys*, of counsel], for the Board of Elections of Erie County.

HINKLEY, J.  This is a judicial review by order to show cause made upon the application of one Joseph A. Marion, an aggrieved person (Election Law, § 330).  Marion was designated on seventy-six petitions as the candidate upon the Democratic ticket for district attorney.  The board of elections of the county notified Marion by letter that his petitions had been rejected as not con-

taining the requisite number of valid signatures. It appears that the petitions contained 1,436 purported signatures. The board of elections having placed the figure at 1,432, had rejected 471, leaving a balance of 961 which is less than the required 1,000 signatures. The court was required not only to pass upon the action of the board of elections but to examine the seventy-six petitions *de novo*. This was done in open court with the assistance of the board of elections. Counsel for the original objector, the board of elections, and Marion were present and made such objections and comments as they were advised.

Some confusion s indicated in the decisions of the courts of this State in determining what are valid petitions and what forms of signature and verification are required. (*Matter of Baum,* 268 N. Y. 614; *Matter of Dorsey* v. *Cohen,* Id. 620; *Matter of Lerner,* 262 id. 450, and various decisions in the lower courts.) This is partly due to the language of section 135 of the Election Law which prescribes a form of petition but requires only that the petitions be substantially in the form set forth in that section.

Nevertheless the law is reasonably clear in regard to certain defects which require the rejection of signatures and entire petitions. Signatures by initials of first name are void. Undated signatures are void. If date of acknowledgment of witness precedes the date of signature the signature is void. (*Matter of Nunley* v. *Cohen,* 258 App. Div. 746.) Signatures made by common lead pencil are void. (Ops. Atty.-Gen. [1938] p. 211, and cases cited therein.) When signatory and witness are one person signature is void. (*Matter of Brownell* v. *Cohen,* 262 N. Y. 707; *Matter of Flam* v. *Hand,* 268 id. 619.) Address of witness must be correctly given. (*Matter of Loreto* v. *Cohen,* 268 N. Y. 628; *Matter of Crosbie* v. *Cohen,* 281 id. 329, and other cases cited.) If signatory is not registered or not affiliated or is affiliated with another party, then signature is void. (Election Law, § 135.) The form of affidavit of witness as set forth in section 135 of the Election Law must be correctly filled out. (*Matter of Loreto* v. *Cohen, supra; Matter of Crosbie* v. *Cohen, supra.*)

The court believes that a petition which has a date opposite the first signature and a line drawn down to a point opposite the last signature substantially indicates the date of all the signatures and substantially complies with section 135 of the Election Law. It is not essential either to repeat the date or to put ditto marks opposite each signature, as the line indicates repetitions. The court believes that abbreviations such as " Wm." and " Jos." are sufficient but that the signature of a married woman who signs her husband's first name with the prefix " Mrs." is not valid 'as it is not either her full name nor her true name. (Election Law, § 135.)

The following clause is contained in the affidavit of the witness as prescribed by section 135 of the Election Law, to wit: " The said residence is in the............(fill in number) election district of the............(fill in Assembly district, if in New York city, ward in any other city, or town, if outside city)." The court feels that when the Legislature fabricates a clause as confusing as that one, no otherwise qualified voter should be disfranchised because the witness did not properly interpret the phrase and filled in his Assembly district instead of ward or town. (*Matter of Stapleton*, 257 App. Div. 1072.)

No discretion rests in the court to correct errors upon the petitions. (*Matter of Loreto* v. *Cohen, supra; Matter of Brownell* v. *Cohen, supra; Matter of King*, 155 App. Div. 720.)

The court declares that 901 of the purported signatures are void as follows: 143 because the signatures are initialed or not in full; 445 are in ordinary lead pencil; 6 are affiliated Republicans; 12 are both signatory and witness; 109 are improperly witnessed; 77 are either not registered or not affiliated with the Democratic party; 109 are without dates, making a total of 901, which total subtracted from the original 1,436 brings the total of valid signatures below the required 1,000, and the petitions were properly rejected. The court recognizes that in some instances it has been difficult to determine whether a signature was made by an ordinary lead pencil or an indelible pencil. The statute does not require that signatures be made in ink, nor has the question yet been determined by the highest court. This matter should receive corrective legislation. While it is unfortunate to deprive voters of suffrage through the ignorance of the petition carrier, it is vital that the signatures be permanent and not subject to easy erasure or forgery. In the instant case, resolving every doubtful signature in favor of its validity, the differential between the valid number and the required number would still be exceedingly great. The court will file with the original of this decision an exact detail of its determination as to each rejected signature.

Order may be entered in accordance herewith.