In the Matter of CORNELIUS A. HALL, Petitioner, against WILLIAM J. HEFFERNAN et al., Constituting the Board of Elections of the City of New York et al., Respondents.

Supreme Court, Special Term, Richmond County, September 21, 1945.

*Benjamin Gassman* for petitioner.

*William A. Smith* for Robert T. Woodward, respondent.

RUBENSTEIN, J. Petitioner seeks to have declared invalid a petition purporting to nominate one Robert S. Woodward as an independent candidate for the office of President of the Borough of Richmond at the forthcoming general election. The parties have agreed there are 4,195 signatures attached to such petition and that a minimum of 3,221 are required pursuant to subdivision 4 of section 137 of the Election Law.

Counsel have been most generous in their consideration of the court and have separated the objections to the petition into two groups, to wit: the first affecting the signers and the second affecting the subscribing witnesses. These groups have been further subdivided into numbered classes and will be considered in the order of their presentment to the court.

### Signers

(1) Three hundred twenty persons signed the petition after they had voted at the primary election held July 31, 1945, at which a candidate was nominated for the same office. Subdivision 4 of section 137 of the Election Law, as amended by chapter 824 of the Laws of 1945, provides that such signatures shall not be counted. Such amendment constitutes a reasonable

limitation upon the signers' right to participate in an independent nomination and is not an abridgement thereof.

(2) One hundred ninety-eight persons signed with initials. These signatures may not be counted (*Matter of Nunley* v. *Cohen*, 258 App. Div. 746; *Matter of Phillips* [*Hubbard*], 284 N. Y. 152; *Matter of Pavis* v. *Heffernan*, 185 Misc. 626, affd. 269 App. Div. 912; *Matter of Zelman*, 255 App. Div. 832).

(3) Two hundred seventy-seven persons, it is claimed, did not sign their names in ink. I have examined such signatures and I find that 171 are signed with ordinary pencil, 87 are signed with indelible pencil and 19 are signed in ink. The signatures, to wit, 258, which are not signed in ink are invalid and may not be counted (*Matter of Stanton* v. *Bartlett*, 264 App. Div. 952; *Matter of Marion*, 174 Misc. 897; *Matter of Pfeifer*, Supreme Court, Kings Co., July 28, 1942, STEINBRINK, J.).

(4) Fourteen signatures are wholly illegible. These may not be counted (*Matter of Ind. League Nominations*, 51 Misc. 486).

(5) Ten persons signed the petition subsequent to the date when the sheet upon which their names appear was signed and sworn to by the subscribing witness. These signatures may not be counted (*Matter of Nunley* v. *Cohen, supra*).

(6) Three persons printed their names, and an examination of the official registration books indicates that such printing does not compare with their signatures. Such signatures may not be counted.

(7) Thirteen persons acted as subscribing witnesses to their own signatures. Such signatures may not be counted (*Matter of Brownell* v. *Cohen*, 262 N. Y. 707; *Matter of Flam* v. *Hand*, 268 N. Y. 619).

(8) Six persons stated incorrectly their election districts. Such signatures may not be counted (*Matter of McElroy* v. *Cohen*, 286 N. Y. 686; *Matter of Crosbie* v. *Cohen*, 281 N. Y. 329).

(9) Three persons signed twice on different pages of the petition. Such duplicated signatures may not be counted (*Matter of Commissioner of Elections*, 64 Misc. 620; *Matter of Orange*, 272 N. Y. 61).

### Subscribing Witnesses

(10) This class is divided into two sections. Three hundred twenty-six signatures are disallowed for the reason that the subscribing witnesses to such signatures stated incorrectly the

election districts in which they resided (*Matter of McElroy v. Cohen, supra; Matter of Crosbie v. Cohen, supra; Matter of Lieblich v. Cohen,* 286 N. Y. 559; *Matter of Boyarsky v. Cohen,* 289 N. Y. 630; *Matter of Pavis v. Heffernan,* 185 Misc. 626, *supra*).

Nine hundred forty-nine signatures are questioned for the reason that the subscribing witnesses stated the election districts of their residences as the same are given on an official map prepared July 1, 1945. This map will not become effective until October 1, 1945 (Election Law, § 64, subd. 2). There is no proof before me that candidates were voted for in the election districts newly created on said map at the aforesaid primary election and hence I may not give effect to the exception enumerated in the foregoing provision. Respondent claims that he was advised by the Board of Elections to use such new map. However, he is charged with knowledge of the law and may not benefit from such incorrect advice (*Matter of Farrell v. Morton,* 268 N. Y. 622; *Matter of McDonnell v. Cohen,* N. Y. L. J., Oct. 27, 1937, p. 1368, col. 6, affd. 252 App. Div. 277). Since such subscribing witnesses incorrectly stated their election districts, the signatures upon the sheets where such misstatements have been made may not be counted (*Matter of Dorsey v. Cohen,* 268 N. Y. 620; *Matter of Lieblich v. Cohen, supra; Matter of McElroy v. Cohen, supra; Matter of Pavis v. Heffernan, supra; Matter of Boyarsky v. Cohen, supra*).

(11) Sixty-six signatures appear on sheets upon which the subscribing witnesses signed their names by initials. These signatures may not be counted (*Matter of Nunley v. Cohen,* 258 App. Div. 746, *supra*).

(12) Forty-two signatures appear upon sheets upon which the subscribing witnesses signed their names with pencil. These signatures may not be counted (*Matter of Stanton v. Bartlett,* 264 App. Div. 952, *supra; Matter of Marion,* 174 Misc. 897, *supra; Matter of Pfeifer, supra*).

(13) Thirty-nine signatures appear on sheets upon which the subscribing witnesses omitted either the year or the county of their registration or the election or assembly districts. Such signatures may not be counted (*Matter of Stavola v. Cohen,* N. Y. L. J., Sept. 2, 1937, p. 562, col. 1; *Matter of Dorsey v. Cohen, supra*).

(14) Eighty-five signatures appear on sheets upon which the subscribing witnesses misstated the number of signers on such sheets. These signatures may not be counted (*Matter of Lyon v. Cohen,* 247 App. Div. 816; *Matter of Phillips [Hubbard],* 284 N. Y. 152, *supra*).

(15) Four signatures appear on a sheet upón which the signature of the subscribing witness has not been sworn to. Such signatures may not be counted (Election Law, § 137).

From the foregoing it appears that 2,355 signatures are invalid, leaving 1,840 valid signatures. This is an insufficient number to sustain the petition. Therefore, it is unnecessary to withhold decision herein until completion of registration for the ensuing election (Election Law, § 137, subd. 4). Accordingly, the motion is granted.

Settle order on one day's notice.