In the Matter of JOHN F. DOYLE, Petitioner, against SUPREME COURT OF THE STATE OF NEW YORK, COUNTIES OF MONTGOMERY AND FULTON. FELIX J. AULISI, Individually and as Justice Thereof, et al., Respondents.

Third Department, October 6, 1955.

*Thomas D. Nolan,* in person, *Patrick J. Keniry, John J. Carusone* and *Alfred L. Simon* for Thomas D. Nolan, respondent.

*Michael Sweeney* and *Vincent Pickett* for petitioner.

*Per Curiam.* This is the second proceeding instituted at this term of court in the nature of prohibition maintained under article 78 of the Civil Practice Act against Justices of the Supreme Court arising from election cases. (Cf. *Matter of Purcell* v. *Supreme Court,* 286 App. Div. 981.) We therefore deem it necessary to denote the practice which we require be followed in this department in respect of the venue and the hearing in the Supreme Court of the summary proceedings authorized by section 330 of the Election Law.

Either a Special Term or a Trial Term may try the issues of law or fact of which, by section 330 of the Election Law, the Supreme Court " is vested with jurisdiction to summarily determine ". An " issue of fact triable by the court may be tried at a trial term or a special term of the supreme court " (Rules Civ. Prac., rule 158).

The Trial Term of the Supreme Court now in session in Saratoga County, therefore, has jurisdiction to determine this special proceeding under the Election Law. In the interest of an orderly procedure we require that a special proceeding under article 14 of the Election Law be tried in the county in which the election controversy arises where there is in session in such county a Trial or Special Term or where one is appointed to be held in time adequate for a full determination of the controversy within the time limits provided by the statute. The statute requires that such proceedings have " preference over all other cases in all courts " (Election Law, § 335).

Where there is no such term in session or thus appointed to be held, the proceeding may be tried in any Special Term of the Supreme Court in the judicial district (Civ. Prac. Act, § 185). This would include a Special Term appointed to be held in chambers under the rules and assignments of this court. (Judiciary Law, § 147; assignments, Third Department, 1955, Third, Fourth and Sixth Judicial Districts.)

The special proceeding under consideration may be instituted by an order to show cause giving such notice to adverse parties as the Justice granting the order may deem adequate (Election Law, § 335). The precise procedural provisions of article 78 are not controlling in this kind of summary proceeding, which is not maintained by virtue of that article; and the order or other notice which institutes the proceeding may be made returnable at a Trial Term as well as at a Special Term of the court.

We do not pass adversely upon the power of the Judge who granted the order instituting the proceeding here considered, as a matter of sheer jurisdiction, or of the Special Term which he convened to determine it.

We do, however, lay down the rule to which we require adherence and under that rule the proceeding is to be transferred to the Trial Term now in session in Saratoga County.

The petition should be dismissed, without costs.

FOSTER, P. J., BERGAN, COON, HALPERN and ZELLER, JJ., concur.

Petition dismissed, without costs.