Edward M. 0’Gorman, J.
The above-captioned matters, presenting a common issue, have been tried together.
The petitioners Lauria and Hicks-Beach seek an order of this court invalidating, and the petitioner Boal seeks an order of this court validating, an Independent Party petition nominating the petitioner Boal for the office of Westchester County Legisla *235 tor in the 4th Legislative District. The Board of Elections has heretofore eliminated 863 signatures from the original total of 2,659 signatures contained on the said petition. The petition is now challenged, on the ground that several of the subscribing witnesses were not qualified to act as such. The challenge is based on a new amendment to section 138 of the Election Law, which was adopted and became effective on the 2d day of July, 1971.
The petitioner Boal, on the other hand, contends that nothing contained in the new amendment to section 138 disqualifies any of the subscribing witnesses.
The petitions thus put in issue the proper construction to be placed by the court upon this new amendment.
The amendment itself, which is chapter 1093 of the Laws of 1971, by its own terms, relates to the ‘1 form and content ’ ’ of independent nominating petitions. Subdivision 3 of the new section 138 provides that the subscribing witness’ statement at the bottom of each sheet of a petition may be signed by a witness ‘£ who is a duly qualified voter of the state qualified to sign the petition ’ ’. Subdivision 1 of the new section 138 provides that such petition shall contain signatures of “ qualified voters of the political unit for which a nomination is made who were registered to vote therein on or before the first day for signing such petitions ”.
It is the contention of the petitioner Boal that all of the subscribing witnesses to the sheets of his nominating petition met the test set forth immediately above in the said subdivision 1 of section 138.
The petitioners Lauria and Hicks-Beach contend, however, that subdivision 10 of section 138 provides that the names of certain persons who have signed a petition shall not be counted. These are persons who have already participated in the primary in certain designated ways.
It should be noted at the outset that while subdivisions 3 and 1 of section 138 hereinbefore referred to deal with the qualifications of the voter who may sign the petition, subdivision 10 is dealing with the question of which signatures shall be counted and which signatures shall not be counted on an independent nominating petition. In my opinion, the only reasonable construction of section 138 is to require that witnesses who sign a statement in lieu of authentication by a notary public must be duly qualified voters of the State and be qualified by residing in the political unit for which the nomination is to be made and who were registered to vote *236 therein on or before the first day for signing the petitions. If the subscribing witnesses meet these qualifications, they are duly qualified to act as such.
This same section 138 provides the particular form of subscribing witness’ statement which must be used (subd. 3). This form in its entirety is as follows:
’ “I,......(name of witness) state: I am a duly qualified voter of the State of New York. I now reside at..........(residence address, also post office address if not identical) which is in the......(fill in number) election district of the......Ward/ Assembly district (fill in ward, if any. Otherwise fill in Assembly District where required) in the Town of City of......(fill in the name of City or Town) in the County of ............
‘ ‘ I was last registered for the general election in the year ...... from ......(fill in prior residence address, also post office address, if not identical) in the county of ............ The said residence was then in the ......Ward/Assembly District (fill in ward, if any, otherwise fill in assembly district where required) in the Town or City of............
“Each of the individuals whose names are subscribed to this petition sheet containing......(fill in number) signatures, subscribed the same in my presence and identified himself to be the individual who signed this sheet.
“I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false statement, shall subject me to the same penalties as if I had been duly sworn. Date:............ ............................
Signature of Witness ”
This form sets forth each of the qualifications which the witness is required to have and which are contained in the aforesaid subdivisions 3 and 1. They are set forth in the subscribing witness’ statement to facilitate the examination and checking of the qualifications of the signers of each of the statements. There is nowhere to be found in this form any reference to whether or not the subscribing witness had signed other nominating petitions or had voted in the primary.
Surely a prospective candidate or subscribing witness who examined this statute would conclude, from subdivisions 3 and 1 and the form of the subscribing witness’ statement, that the only qualifications necessary were contained in those subdivisions and set forth on that form. At the very least, it would seem that if subdivision 10 is given a construction inconsistent *237 with the foregoing subdivisions, the amendment is confusing and tends to set forth two different sets of requirements.
Under the circumstances existing here, any such confusion would be compounded by the fact that the amendment to the statute appeared in the Advance Sheets of the “ Session Laws of the State of New York ” of September 8, 1971, and could not have been widely known prior to that date. The statute also appeared in an issue of McKinney’s “ Session Law News of New York ” bearing date August 10, 1971.
The witness who originally organized the campaign to obtain signatures on the Boal petitions made inquiry, prior to their circulation, of the Board of Elections of Westchester County, and was advised by a Deputy Commissioner there that the only qualification required of a subscribing witness was that he be a registered voter of the State of New York in the unit in which the election was being held.
In my view, the provisions of subdivision 10 of section 138, when reasonably construed, do not impose an additional qualification on the signers of a subscribing witness’ statement, but rather serve the function of the elimination, for the purposes of count, of the names of those signers who are ineligible because they have otherwise participated in the primary by voting or signing, other petitions. Any other construction of subdivision 10, when taken in conjunction with subdivisions 3 and 1 and the form of subscribing witness’ statement prescribed in the new amendment, renders the mandate of the Legislature unclear and confusing, and under those circumstances the statute should not be held to bring about a change in the qualifications of a subscribing witness from the law which existed prior thereto.
As was stated by the Court of Appeals in Kauffman & Sons v. Miller (298 N. Y. 38. 44): “ Where the language of a statute is susceptible to two constructions, the courts will adopt that which avoids injustice, hardship, constitutional doubts or other objectionable results.”
This case amply demonstrates, by the cross petitions, that varying constructions of subdivision 10 lead to opposite conclusions. This case also demonstrates that reasonable persons acting in good faith, even when seeking official advice, can be misled by this enactment, if subdivision 10 is given a novel construction and invested with the power to bring about a significant change in the qualifications of subscribing witnesses.
In my opinion, the subscribing witnesses to the Boal petition were in fact qualified to sign their respective sheets, and the *238 objection of the petitioners Lauria and Hicks-Beach to counting the signatures on the respective sheets signed by these witnesses is hereby disallowed, and the 999 signatures contained thereon should be included among the total of valid signatures on the nominating petition.
Inasmuch as the addition of these signatures brings the total number of signatures to an amount in excess of the minimum requirement, I find the nominating petition to be valid, and the Board of Elections of Westchester County is hereby directed to place the name of the petitioner R. Bradlee Boal on the ballot as a candidate of the Independent Party for the office of County Legislator, District 4, Westchester County.