John T. Casey, J.
The petitioner, the Rensselaer County Republican nominee for Sheriff in the forthcoming election, moved this court at Special Term, Albany County, for an order invalidating the independent nominating petition of Thomas S. Winnieki for the same office. To afford the parties an opportunity to submit proof this court, on the authority of Matter of Doyle v. Supreme Ct. (286 App. Div. 469), ordered a trial to be held in Supreme Court, Rensselaer County. Trial was held on September 26,1972.
It was generally agreed at the trial that the Winnieki petition contained 2,180 signatures and that 1,500 are needed for validity. The Rensselaer County Board of Elections, which is supervised by two Commissioners, split on the question of certification of the petition.
It was also generally agreed that 254 signatures were witnessed by Nicholas P. Barbera; 190 signatures by Nicholas P. Brignola; 386 signatures by Christopher A. Brignola; 325 signatures by Robert J. Brignola, and 195 signatures by Thomas S. Winnieki, amounting in all to 1,350 signatures. Proof was offered, and the court accepts it, through Henry Gr. Tutunjian, a Commissioner of Elections, that Nicholas P. Barbera signed a prior designating petition for another candidate and that the three Brignolas and Winnieki himself voted for the office of Sheriff in the June primary wherein Winnieki contested the candidacy of Eaton for the Republican nomination for Rensselaer *678 County Sheriff. It is urged by the petitioner that, since the witnesses above named were ineligible to be signers of the disputed petition because of their prior vote in the primary or signing another petition, they were also ineligible to be witnesses and that any signatures witnessed by them (1,350 in all) should be declared invalid and not counted.
There is no question that these named witnesses were ineligible to sign this petition. (Election Law, § 138, subd. 10.) The real question is whether the ineligibility of a person to act as a witness invalidates the signatures he witnessed. Under prior law it made no difference. In 1971 (eff. July 2) the Legislature in subdivision 3 of section 138 provided that “ in lieu of the authentication by an officer authorized to take affidavits there may be appended at the bottom of each sheet a signed statement of a witness who is a dm y qualified voter of the state qualified to sign the petition ” (emphasis supplied). In the Matter of Boal v. Hayduk (68 Misc 2d 234), the only case to construe the amendment, it was held that a subscribing witness who is a duly qualified registered voter is not disqualified as a subscribing witness by having voted at the primary election or having signed another petition, because such disqualifications pertain to the signers only and not to subscribing witnesses. I disagree. Such an interpretation gives, no effect whatever to the legislative mandate. By the amendment the Legislature clearly and unequivocally .states that the witness must be not only a qualified voter of the State, [but] qualified to sign the petition. Since no such requirement existed prior to the amendment, a clear legislative intent to have signatures witnessed by persons qualified to sign the petition is evident — in language that is clear, unambiguous and unequivocal. This qualification is reasonable, too, since the obvious legislative intent is to prevent those of partisan political affiliation who have signed prior petitions or voted in a prior primary for the same office from procuring signatures on independent nominating petitions for the sole reason of confounding the result of a prior primary which happens to be disappointing to them. This interpretation also requires the witness, if he is eligible to be a signer and, therefore, a witness, to sign an independent petition which is witnessed by another person and not by himself. (Matter of Hall v. Heffernan, 185 Misc. 742, affd. 269 App. Div. 953, affd. 295 N. Y. 599.)
It must be concluded, therefore, contra Matter of Boal v. Hayduk (68 Misc 2d 234, supra), that all the 1,350 signatures witnessed by Nicholas P. Barbera, Nicholas F. Brignola, Christopher A. Brignola and Robert J. Brignola are defective for lack *679 of their qualification to he witnesses and such signatures cannot, therefore, be counted.
Although this determination is dispositive, this court will consider the other grounds urged also, .so that a final factual determination will have been made on all the issues raised.
The next contention urged by the petitioner involves the material alteration of the computation by the witnesses of the number of signers on the following sheets: on page 3, containing 25 signatures, the number 24 was changed to 25; on page 7, containing 25 signatures, the number 23 was crossed out and changed to 25; on page 14, containing 26 signatures, the statement of the witness claims 25 only; on page 24, containing the names of 25 signers, the number 26 written in as the total number of signers was altered; on page 52, containing 26 signatures, the date the witness signed was changed from August 17,1972 to August 27,1972; on page 63, the number was raised by alteration to 26; on page 72, there are 12 signatures, the witness says 11; on page 80 there are 14 signatures, statement of witness says 13; on page 78 there are 21 signatures, the number of signers, is crossed out and another number written in; on page 99 there were 18 signatures and the witness’ statement says he witnessed 17; on page 106 there are 6 signatures and 5 in the statement of the witness.
Such material alterations in the computation of the number of signatures as witnessed require voiding of the 224 signatures involved. (See Matter of McManus v. DeSapio, 13 Misc 2d 513, affd. 7 AD 2d 613, affd. 5 N Y 2d 773; Matter of Hall v. Heffernan, 185 Misc. 742, affd. 269 App. Div. 953, affd. 295 N. Y. 599, supra; Gassman, Election Law, § 43; Matter of Mastantuono v. Meisser, 180 Misc. 666, affd. 266 App. Div. 919.)
There are 22 signatures (2 on page 3; 1 on page 24; 9 on page 54; 6 on page 86; 1 on page 89; 1 on page 105; and 2 on page 106) which must be declared void since they were written in pencil and traced over in ink. (See Matter of Bialis, 92 N. Y. S. 2d 450, 453.)
There -are 24 signatures (2 on page 23; 18 on page 52; 2 on page 91; and 2 on page 106) which must be declared void since they were dated after the date of the witness ’ statement. (Matter of Bialis, supra.)
The Board of Elections has submitted in evidence a list of signatures all of which were checked by the board against the enrollment books, and this number of signers must be declared ineligible because 349 were not registered, 252 registered in *680 wrong district, 136 voted in the primary, 106 signed other petitions for the same office, and 33 were duplicate signatures.
Accordingly, the petition of Thomas S. Winnicki must he voided for insufficient number of signatures.