BELLAS HESS & CO., INC., Appellant, *v.* ALEXANDER & CO., INC., Respondent.

First Department, March 4, 1921.

Sales — action for breach of contract for sale and manufacture of goods — evidence establishing prima facie case of meeting of minds of parties on complete contract — condition in written contract that goods to be manufactured if material obtainable from mill — oral waiver of condition by seller having knowledge of actual fulfillment of condition — waiver as question for jury.

In an action for the breach of an alleged written agreement for the manufacture and sale of goods, evidence *held*, to establish a *prima facie* case of the meeting of the minds of the parties on a complete contract.

A condition in a written contract for the sale of goods to be manufactured from material which is to be obtained by the seller, to the effect that the goods will be delivered in accordance with the terms of the contract if the material entering into the manufactured product can be procured from the mill, may be waived by parol where the seller knows the condition has been in fact fulfilled.

In such case the question whether such condition has been waived or abandoned by the seller, by statements and representations as to ability to perform the contract, is for the determination of the jury.

APPEAL by the plaintiff, Bellas Hess & Co., Inc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 19th day of January, 1920, dismissing the complaint at the close of the plaintiff's case.

*Herman B. Goodstein,* attorney [*Thomas J. Kavanagh* with him on the brief], for the appellant.

*Mark E. Goldberg,* attorney [*Samuel S. Goldberg* of counsel], for the respondent.

DOWLING, J.:

This action is brought to recover the sum of $2,250 as damages for the breach of a written agreement made on May 27, 1919, whereby defendant agreed to manufacture and deliver to plaintiff on or before July 15, 1919, seventy-five dozen of men's silk shirts at the price of forty-eight dollars per dozen. The answer, after denying most of the allegations of the complaint, set up the Statute of Frauds,* in that the agreement was for a sale of goods for the price of more than fifty dollars, and that the agreement was not in writing nor was any delivery of any part of the goods made nor any payment made on account thereof.

The proof established that the order for the goods in question was solicited by defendant's salesman. Plaintiff sent a written order to defendant, dated May 23, 1919, for seventy-five dozen satin striped habutai silk shirts " as selected," the quantities in each size from fourteen to seventeen being speci-

* See Pers. Prop. Law, § 85, as added by Laws of 1911, chap. 571.—
[REP.

fied, the price being forty-eight dollars per dozen.  The order contained these provisions, among others: " Our Hangers in Neck — Box fronts." Replying thereto, defendant wrote under date of May twenty-seventh:

" We are in. receipt of your order #64909 for 75 dozen silk shirts at $48.00 per dozen, for which please accept our thanks.

" We regret to advise that we cannot give you same with a box front, as these shirts are in process of making with the plain centers.

" Furthermore, we are accepting this order with the condition that we get deliveries from our silk mill, and assure you that we will do all in our power to deliver this order as near complete as possible."

A day or two after the date of this letter, Arthur J. Ridley, plaintiff's manager, called at defendant's office and there saw defendant's vice-president, Alexander, in reference to the letter and the two statements therein contained.  Alexander said the shirts were in process of making.  Ridley said: " Further down in the letter you state that the delivery is subject to no delivery of piece goods," and asked: " What do you mean by those two statements?  *  *  *  What I want to know is, are we going to get these shirts or not? " Alexander replied, " You will get those shirts." Alexander further said: " Some of these shirts will be made with. plain centers," and Ridley replied: " That doesn't make a bit of difference to us.  We will take them either way," and Alexander remarked: " Well, I thought so."

A letter was offered in evidence by defendant, signed by plaintiff, dated May twenty-ninth, in which it was said: " We do not quite understand your letter of May 27th.  In one paragraph you state the shirts are in process of making, and in the next paragraph you say we are accepting this order with the conditions that we get deliveries from the silk mill. Your salesman stated to us positively that you had enough goods on hand for 100 doz.  Perhaps it would be best to have him call on us Monday." This letter Ridley admitted writing, but was uncertain when it was mailed.  He admitted that he had written the letter before he had called on Alexander and that no salesman had visited him.  But there is no

denial of his positive testimony as to his conversation with Alexander.

At the close of plaintiff's case the trial court granted a motion to dismiss the complaint on the ground that " no enforceable contract is shown and that there was not that meeting of the minds of the parties required by law to constitute a complete contract."

The defendant contends that the minds of the parties never met on a complete contract. It is quite true that plaintiff failed to prove the allegation of its complaint that an agreement in writing was entered into by plaintiff and defendant on May 27, 1919. The agreement between the parties, if any, consisted of plaintiff's original order of May twenty-third and of defendant's letter of May twenty-seventh, with the oral acceptance thereof by plaintiff, with these modifications mutually agreed upon: (1) Defendant withdrew its condition that it would accept the order only on condition that its silk mill made deliveries and agreed to deliver without qualification; (2) plaintiff agreed to accept plain centers instead of box fronts. Thus the agreement as claimed to be made consisted of plaintiff's written order, defendant's written qualified acceptance, and the oral agreement based thereon, which removed all qualifications and made the contract complete. A definite offer in writing signed by a vendor is sufficient to charge him, even though the acceptance be by parol. ( *Kohn & Baer* v. *Ariowitsch Co., Inc.,* 181 App. Div. 415.) But no question was raised at the trial of any variance between the pleading and the proof; and no motion to dismiss was made because plaintiff had failed to prove the agreement alleged in its complaint.

Upon plaintiff's proof, the defendant's requirement that the shirts be made with plain centers only was accepted by it. As to the provision inserted by defendant that the order was accepted with the condition that it get deliveries from its silk mills, I think that a question was presented for the jury upon all the facts in the case as to whether the condition had not been waived or abandoned by defendant. These facts were: (1) The statement in the same letter and following this condition, that " we will do all in our power to deliver this order as near complete as possible; " (2) the statement by defendant

to plaintiff, " You will get those shirts;" (3) the statement in the letter of May twenty-seventh, " These shirts are in process of making with the plain centers," which negatives the claim that any goods were still to come from the mill, so as to bring the contract even within the original condition, if it had not been waived. This is not a case of a written proposal, in which such elements as quantity, quality, price, time of delivery or terms of payment are sought to be modified by an oral agreement, which could not be done, since there would be left no written memorandum of the actual contract as made orally. It is a case where the party making the written memorandum inserted a condition on which the very existence of any binding agreement whatever depended, and that condition, it seems to me, such party could orally waive, particularly as he alone would know if it really were applicable to the existing situation. Here the seller had knowledge as to whether it had received (or would surely receive) the required silk from its mill to fill plaintiff's order. And if it knew the condition was in fact fulfilled, I think it could orally waive it as part of its memorandum, leaving all the essential elements of the contract in writing.

Upon this record I am of the opinion, therefore, that a *prima facie* case had been made out of the meeting of the minds of the parties upon a complete contract. The letter of May twenty-ninth did not destroy the effect of Ridley's testimony in chief, whatever weight it might have with a jury in case his version of his conversation with Alexander should be denied by the latter.

The judgment appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.