**RUTH ST. CLAIR WESTERBERG v. A. R. NININGER, et al.**

6 So. (2nd) 378                                             Division A

February 17, 1942

J. H. Lathero, for appellant.

G. H. Martin, for appellees.

PER CURIAM:

This is an appeal from a final decree requiring appellant to convey real property in accordance with her written contract, duly acknowledged by her with her husband joining in the execution, for the sale of their homestead in Broward County, Florida. Appellee was the purchaser in the contract and he paid two hundred dollars in consideration of the agreement. A provision was made in the contract for the return of this deposit in the event the title was disapproved by the vendee's attorney and could not be perfected within a reasonable time. A further provision was made, as follows:

"In the event the second mortgage loan of Fifteen Hundred $1500.00 Dollars cannot be arranged by June 1, 1940 through R. T. Hodges, the deal shall be called off and the Two Hundred ($200.00) Dollars this day received by sellers, returned to purchaser and all parties relieved from all obligations under this agreement."

The purchase price agreed upon was $7500.00. A $5000.00 first mortgage was to be assumed by the appellee and the balance paid in cash, with the condition expressed above. The vendors refused to consummate the sale with conveyance and this suit was brought. Appellant's husband was killed and amendments were made in the pleadings to make her a party individually and as administratrix and to include the husband's heirs. Final hearing was had on the pleadings and proofs, the specific performance prayed in the bill granted, and this appeal was taken.

It is contended that the above quoted provision of the contract destroyed the mutuality of the contract which is a requisite for specific performance. The

provision made the contract subject to a condition precedent. This condition had a timely fulfilment, for the undenied evidence is that the second mortgage loan had been procured, to appellant's knowledge, prior to June 1, 1940. This being true, and the appellees having previously offered and by his bill offering to fulfill his obligations under the contract by payment of the amount and the assumption of the mortgage as agreed, the contention made is without merit. See Thompson v. Shell Petroleum Corp., 130 Fla. 652, 178 So. 413, 117 A. L. R. 248; Pomeroy's Equitable Remedies, 2nd Ed. Vol. 5, Sec. 2192; 58 C. J. 1076.

The validity of the contract is attacked because, it is asserted, the acknowledgment of appellant was not attached to the contract until some days subsequent to the execution of it. The presumption is in favor of the validity of a married woman's certificate of acknowledgement. Herald v. Hardin, 95 Fla. 889, 116 So. 863. The evidence in support of the assertion is the testimony of appellant and of one who was her attorney in at least a part of the proceedings below. Appellee and his wife, and the notary public, who is appellee's attorney of record, testified to the contrary that the acknowledgment was made and attached at the time of the execution of the contract. Even if the law requires the notarial certificate to be attached to the instrument at the time the acknowledgment is taken, the chancellor below having determined that the certificate was duly attached to the contract, his finding will not be disturbed where, as here, it is not clearly erroneous.

The decree appealed from will be affirmed.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, JJ., concur.