In the Matter of EDWARD F. CURLEY, JR., Respondent, against WILLIAM J. HEFFERNAN et al., Constituting the Board of Elections of the City of New York, Respondents, and JOHN F. X. MASTERSON, Appellant.— Order reversed on the law and the facts, without costs, and the matter remitted to Special Term so that the Justice who heard the matter may make findings of fact and conclusions of law pursuant to section 440 of the Civil Practice Act and, if need be, for the purpose of taking further proof to facilitate the making of such findings and conclusions. Close, P. J., Carswell and Lewis, JJ., concur; Johnston, J., dissents and votes to affirm, with the following memorandum: The Special Term passed upon all objections urged by petitioner except the one alleging that the subscribing witness had set forth the wrong election district. The Special Term, after taking proof on all the other objections, found that the nominating petition contained 5,955 valid signatures, subject to checking to ascertain how many of the 5,955 signatories had registered. The witness McCormack, called by the respondent, testified that of the 5,955 signatories, 2,694 had not registered. Therefore, the Special Term's findings that there were only 3,261 valid signatures on the nominating petition and that the petition was invalid are correct and the order should be affirmed; Hagarty, J., not voting.

In the Matter of CORNELIUS A. HALL, Respondent, against WILLIAM J. HEFFERNAN, Constituting the Board of Elections of the City of New York, Respondents, and ROBERT S. WOODWARD, Appellant.— Order affirmed, without costs. No opinion. Leave to appeal to the Court of Appeals is hereby granted. Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ., concur. [185 Misc. 742.]

In the Matter of the Accounting of BANK OF NEW YORK, as Trustee under a Deed of Trust made by EDWARD R. NICHOLS for the Benefit of BEATRICE N. DOUGLASS. EDWARD R. N. DOUGLASS et al., Appellants; BANK OF NEW YORK et al., Respondents.— Proceeding under article 79 of the Civil Practice Act brought by a trustee to settle accounts and obtain certain instructions from the court. Order holding that a power of appointment was validly exercised by the donee of the power, insofar as appealed from, unanimously affirmed, with costs to all parties filing briefs, payable out of the trust fund established by Edward R. Nichols, deceased. No opinion. Present — Hagarty, Acting P. J., Carswell, Adel, Lewis and Aldrich, JJ.

LANE COSMETIC SHOPPE, INC., et al., Plaintiffs, LANDRES-GOLDFARB, INC., Respondent, and J. ROTHSTEIN SONS, INC., Appellant, v. BERNARD VELLENSKY et al., Doing Business under the Name of LOVEL PHARMACY, Defendants.— Order adjudging appellant in contempt for a violation of a consent injunction decree in a fair price action and imposing a fine of $250 therefor, affirmed, with $50 costs and disbursements. No opinion. Close, P. J., Carswell, Adel, Lewis and Aldrich, JJ., concur.

GERTRUDE MACLAEON, Respondent, v. JENNIE LIPCHITZ, Appellant.— In this action to compel specific performance of a contract claimed to have been made by defendant to sell to plaintiff a parcel of real property, order denying defendant's motion for summary judgment, pursuant to rule 113 of the Rules of Civil Practice, affirmed, with $10 costs and disbursements. No opinion. Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.