SAM SEILER et al., Plaintiffs, v. SAM GEIER, Defendant.

Supreme Court, Special Term, Kings County, December 22, 1947.

*Erwin Weiss* for plaintiffs.

*J. Harry Pincus* for defendant.

FROESSEL, J. This action seeks to compel the defendant to perform specifically a written agreement, dated May 12, 1947, which he alone signed. By its terms, he agreed to sell to the plaintiffs a straight ten-year lease commencing on January 1, 1947, which he owned on a certain theatre, the name and location of which are set forth in said writing. In said writing, defendant acknowledged receipt from these plaintiffs of " the sum of $1,000. in cash, which is to be applied by me on account of the sale by me of the lease and good will of the New Ozone Theatre ".

The answer admits the existence of the lease, the signing of the writing dated May 12, 1947, the receipt of $1,000 upon such signing and of another $1,000 on May 15, 1947, and that no more formal contract was ever made. The defendant denies the remaining allegations of the complaint, and as an affirmative defense asserts that the alleged agreement upon which the complaint is predicated (the writing of May 12, 1947) does not contain all of the terms and conditions of the agreement between the parties, and is insufficient in law and void as a violation of the Statute of Frauds, and that he has tendered to the plaintiffs the $2,000 which he has received on account of the purchase price, but the plaintiffs have refused to accept the same.

The plaintiffs have now moved for summary judgment striking out the defendant's aforesaid answer upon the ground that there is no defense to this action, and the defendant has, by

cross motion, moved for summary judgment upon the ground that there is no merit to the complaint.

I am of the opinion that no questions of fact are presented herein which necessitate a trial of this action. The only questions presented are legal questions which do not prevent summary relief under rule 113 of the Rules of Civil Practice. (*Coutts* v. *Kraft & Bros. Co.,* 119 Misc. 260, affd. 206 App. Div. 625.)

The writing of May 12, 1947, is definite, full and, on its face, complete. Nothing is shown to have been omitted. The defendant's primary contention is based apparently upon that part of the writing which states that the lease " is represented to be in such form as will be acceptable to Hofmann & Katz, Esqs., the attorneys for Seiler and Gelber." This language, it is contended, rendered the agreement indefinite and, therefore, unenforcible. I cannot agree with this contention. This provision was for the benefit of the purchasers, the plaintiffs herein, and not for the defendant, the seller, who signed the agreement. If the plaintiffs are willing to take the lease described in the writing of May 12, 1947, with or without the same being acceptable to Hofmann & Katz, that is their concern.

The defendant further contends that the sale of a theatre is not such a sale for which specific performance can be decreed inasmuch as a theatre business is personal property, though a leasehold is incidental thereto. I cannot agree with him inasmuch as nothing else is mentioned in said writing except " the lease and good will " and the lease was a ten-year lease that had more than nine years to run. (See Real Property Law, § 290, subd. 3.) Moreover, the lease covers a so-called independent theatre, at a specific location, and it is unique in the sense that it has no precise equivalent elsewhere.

The defendant's contention that the contract lacks mutuality because the plaintiffs did not obligate or agree to be bound thereby is without substance. In *Pettibone* v. *Moore* (75 Hun 461) it was held that a binding contract, enforcible in equity, may result from the written proposal of the party to be charged, provided it contains all the terms of the contract, and that only a simple assent is required of the other party.

In *Fox* v. *Hawkins* (150 App. Div. 801) a written offer to sell one's interest in land, subscribed by his authorized agent, without any time limitation for acceptance, and orally accepted prior to revocation, was a binding contract, the oral acceptance being sufficient under the Statute of Frauds.

In *Bellas Hess & Co., Inc.,* v. *Alexander & Co., Inc.,* (195 App. Div. 313) it was held that a definite written offer, signed by the seller, was sufficient to charge him and take the case out of the statute, although the acceptance be by parol. In that case, however, the court was considering the sale of merchandise.

As for mutuality itself, the modern rule is stated in *Epstein* v. *Gluckin* (233 N. Y. 490, 492, 493–494) as follows: " If there ever was a rule that mutuality of remedy existing, not merely at the time of the decree, but at the time of the formation of the contract, is a condition of equitable relief, it has been so qualified by exceptions that, viewed as a precept of general validity, it has ceased to° be a rule to-day * * *. What equity exacts to-day as a condition of relief is the assurance that the decree, if rendered, will operate without injustice or oppression either to plaintiff or to defendant * * *. Mutuality of remedy is important in so far only as its presence is essential to the attainment of that end. The formula had its origin in an attempt to fit the equitable remedy to the needs of equal justice. We may not suffer it to petrify at the cost of its animating principle."

Under all the circumstances, the plaintiffs' motion for summary judgment must be granted, and the defendant's motion for the same relief denied. Submit order.