SYLVAIN CHABERT, Appellant, *v.* ROBERT & COMPANY INCORPORATED, Respondent.

First Department, February 2, 1948.

*B. Leo Schwarz* for appellant.

*Frederick W. Beyer* for respondent.

Van Voorhis, J.   The order appealed from dismisses the first cause of action as insufficient on the ground that plaintiff has an adequate remedy at law.   Under it, plaintiff seeks equitable relief by way of specific performance of defendant's agreement to return the personal property which defendant received from plaintiff for safekeeping.   These chattels consist of aluminum containers filled with an essential oil, known as " Absolu Jasmin ", used in the manufacture of perfume.

Defendant has refused to return plaintiff's said property upon demand.

Equitable relief has been denied to plaintiff on the theory that replevin is an adequate remedy at law, but replevin will not insure the return of these particular articles of property, since the execution on a judgment of replevin must require the sheriff to collect the value of the chattels instead of obtaining their return unless they can be found within the county (Civ. Prac. Act, § 1126).   Plaintiff alleges that his Absolu Jasmin is an irreplaceable oil of unique quality, having a special and unascertainable value to the plaintiff by reason of facts which are stated.   When mixed with other materials by experts in the perfumery business, it is alleged to produce a rare and costly compound.   The complaint states that plaintiff has undertaken to deliver this oil to a third party for blending under a mutual profit-sharing agreement, and alleges specifically that it cannot be duplicated, so that if plaintiff is unable to recover it he will sustain an irreparable loss.

The allegations referred to are not conclusions of law, but statements of ultimate facts.   The complaint sets forth that this oil is unique, irreplaceable and of great value to this plaintiff for a special purpose, the nature of which is stated.   This court had before it a similar case (*Raftery* v. *World Film Corporation,* 180 App. Div. 475) in which it held that a plaintiff is entitled to specific performance, even in the absence of a fiduciary relationship, to compel a defendant to surrender photographic prints which were the property of the plaintiff, which the defendant was obligated to return.   This court held that the cost of making these prints, if awarded as damages, would not fully recompense the plaintiff since the property itself was of unique character, and could not be replaced, and might be used by others for profit.   The opinion stated that unless returned to plaintiff, " Property may thus be unlawfully used

to the damage of the real owner, and where the damage by such use is in its nature impossible of calculation, equity will compel the surrender thereof to the rightful owner, and will not leave the owner to a legal action of replevin. The same principle applies to an action brought to compel the specific performance of a contract to deliver personalty. The rule summarized in 36 Cyc. 557, is thus stated: ' If the specific thing contracted for is desired by plaintiff, if it cannot be duplicated, and if his reason for desiring it or the other circumstances of the case are such that money damages would not be an adequate compensation to him for its loss, equity will decree its delivery to him. The jurisdiction for this purpose is an outgrowth of, and closely connected with, the remedy for the delivery up of chattels of this special nature tortiously withheld from their owners. *In such cases the legal remedies of replevin and detinue are subject to defects of procedure which prevent the successful plaintiff from invariably recovering possession of the chattel.'* (Italics from opinion in *Raftery* case.)

" If replevin were brought for these prints, the execution would run to the sheriff to deliver to the plaintiff the possession of the personal property, and ' if the chattel cannot be found within his county, to satisfy the sum so awarded * * * out of the property of the party against whom the judgment is rendered.' (Code Civ. Proc. § 1731 [now Civ. Prac. Act, § 1126].) If these positive prints were not within the county wherein the execution was issued, the action at law would be fruitless to secure their possession. The collection of the value found would in no way compensate the plaintiff's assignor for their loss or protect the plaintiff from the threatened damage of their unlawful production by third parties." (Pp. 482–483.)

This rule, as said in the *Raftery* opinion, is similar in principle to that which allows actions for specific performance to be maintained upon contracts for the sale of irreplaceable personal property which has a special and unique value to the plaintiff, where it is apparent that damages will not furnish a complete and adequate remedy. (*Butler* v. *Wright,* 186 N. Y. 259; *Waddle* v. *Cabana,* 220 N. Y. 18.)

The case is not less strong where the relationship of the parties is that of bailor and bailee instead of that of buyer and seller.

On the trial plaintiff may not succeed in establishing the unique and irreplaceable quality of his oil. In that event, he runs the risk of being defeated in his quest for equitable relief.

The order, so far as appealed from, should be reversed, with $20 costs and disbursements to the appellant and the motion

to dismiss the first cause of action denied, with leave to the defendant to answer within ten days after service of order with notice of entry, on payment of said costs.

PECK, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Order, so far as appealed from, unanimously reversed, with $20 costs and disbursements to the appellant and the motion to dismiss the first cause of action denied, with leave to the defendant to answer within ten days after service of the order, with notice of entry thereof, on payment of said costs.