PHILIP GARBER, Plaintiff, *v.* SOPHIE SIEGEL, Defendant.

Supreme Court, Special Term, Kings County, June 29, 1948.

*Grottola & Eschwege* for plaintiff.

*Samuel R. Buxbaum* for defendant.

FROESSEL, J. In this action, plaintiff asks for a judgment directing the defendant to execute and deliver a bill of sale of a certain carbonated beverage route and business, which sells " mineral water, soda and kindred items " to private homes by making deliveries in a truck, and to accept the consideration therefor, in accordance with an option contained in a written agreement.

The parties are brother and sister. The defendant is the owner of said business, her late husband having been engaged therein prior to his death. On June 30, 1945, the defendant entered into a written agreement to employ the plaintiff " as manager and salesman " for a period of five years. The contract provided, among other things, that the plaintiff was to pay the defendant $50 per week (later increased to $60) and that, after payment of all obligations, " all the rest or remainder shall be the personal property of Garber ", the plaintiff herein. Paragraph " 7 " of the agreement also gave to the plaintiff " the option and right, at any time during the existence of this agreement, to purchase the aforesaid business from Siegel by paying to her the sum of Eleven Thousand ($11,000.00) Dollars."

The parties continued their relationship under said agreement for nearly three years and, on April 23, 1948, plaintiff's attorney wrote the defendant's attorney as follows:

" This letter will confirm our telephone conversations of yesterday and today, in which I advised you that my client, Philip Garber, desires to purchase the business owned by your client, Sophie Siegel.

" I suggest that we meet some time early next week regarding this matter in order that we may conclude this transaction as soon as possible."

The parties met on May 1, 1948, at the office of defendant's attorney, and in the presence of their respective attorneys. The defendant definitely stated that she did not want to sell. Additional conferences were had, but nothing came of them.

After refusing to sell, and under date of May 12, 1948, the defendant wrote the plaintiff " that in view of the fact that you have breached your contract of employment which I have entered into with you on June, 1945, I hereby elect to terminate the said contract, same to take effect immediately." She thereupon seized the business truck and other property necessary for the conduct of the business, and ousted the plaintiff therefrom.

In defense of her actions defendant claims that plaintiff (1) failed to pay two or three bills, (2) failed to keep accurate books and allow her access thereto, (3) failed to set aside $15 per week as required by the agreement between them, and (4) sold beer. Plaintiff, in reply, contends (1) that it was agreed that the payment of the bills may be deferred until after the Passover holidays or the early summer season when business was better, the previous winter having been an unusually difficult one, (2) that the books were properly kept, and defendant was afforded access thereto, though she never looked at them, (3) that the $15 were set aside in a special box, but the funds were used up from time to time as permitted by the agreement, and (4) that the delivery of beer now and then was not for profit, but for the accommodation of a friendly beer dealer named Cohen, who was co-operative with the plaintiff in other respects.

Upon the whole record of this unfortunate litigation, I am constrained to grant judgment for the plaintiff subject, of course, to appropriate adjustments, and to dismiss the defendant's counterclaim. The defendant was entirely willing to accept $60 per week without complaint until plaintiff decided to purchase the business, under the provisions of the agreement. Then, and only then, did she seek to discharge him, apparently because she concluded that she should have never given him the option. She was represented by her own attorney at the time that the agreement containing the option was drawn, and, indeed, the back of the agreement bears his printed name and office address. She agreed to sell the business and is chargeable with the provisions of her contract. Whatever family or moral claim she may have is not a proper subject for consideration here. The agreement is clear and, in the absence of fraud, should be observed. I see nothing inequitable about it for the defendant has received about $9,000 in weekly drawings, and with the purchase price provided for in the option she will have received about $20,000 for this business.

Plaintiff has substantially performed his contract, and I do not find that there was any material breach of its essential provisions. The defendant acquiesced in immaterial variances and chose to continue the contract. (*Emigrant Ind. Sav. Bank* v. *Willow Builders, Inc.*, 290 N. Y. 133, 144.) She now apparently believes the business under plaintiff's management is worth more than the amount she agreed to sell it for to him, at the inception of the contract, notwithstanding her belated general claim of mismangement.

Actual tender by the plaintiff of the purchase price was waived when the defendant unequivocally declared that the performance of the condition precedent would not secure performance of the counterpromise. (Williston on Contracts [Rev. ed.], §§ 698A, 698B; *De Forest R. T. & T. Co.* v. *Triangle R. S. Co.*, 243 N. Y. 283, 293; *Stokes* v. *Mackay*, 147 N. Y. 223, 234, 235.) Plaintiff is entitled to relief by way of specific performance, for this is a business which he was associated with for a period of years and which he personally helped to develop. It involves specific customers and cannot readily be duplicated or obtained in the market, and it is apparent that his damages and loss of profits over an indefinite period of years cannot be readily ascertained and would, in no event, furnish a complete and adequate remedy. (*Butler* v. *Wright*, 186 N. Y. 259, 262, motion for reargument denied 187 N. Y. 526; *Waddle* v. *Cabana*, 220 N. Y. 18; *Bomeisler* v. *Forster*, 154 N. Y. 229, 239; *Johnson* v. *Brooks*, 93 N. Y. 337, 343; *Chabert* v. *Robert & Co.*, 273 App. Div. 237.)

Submit judgment accordingly on notice.