TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, Plaintiff, *v.* MORTGAGEE INVESTORS CORPORATION, Defendant.

Supreme Court, Special Term, New York County, April 19, 1949.

*Benjamin Solovay* for defendant.

*Joseph R. Shaughnessy* for plaintiff.

HAMMER, J. This motion is brought by defendant purchaser under subdivision 5 of rule 106 of the Rules of Civil Practice to

dismiss the complaint for defect appearing on the face thereof in that it does not state facts sufficient to constitute a cause of action in equity.

The action is by the seller of a first mortgage on real estate which seeks judgment directing the defendant to accept a valid and sufficient assignment of said first mortgage, which covers premises 1815 Riverside Drive, New York City, and to pay to plaintiff the agreed price thereof, and to otherwise perform the terms and provisions of said contract, and for such other relief as to the court may seem just and proper, together with costs of the action.

As appears from the '' Memorandum of Contract '' annexed to the complaint, defendant agreed to: '' purchase from you * * * the caption first mortgage for $165,275.00 and accrued interest to date of closing. This purchase is made on the condition that the said mortgage is a valid first lien against the premises, is in the amount of $173,915.00 with constant quarter annual payments of $3,336.64 applicable first to interest at the rate of four and one-half (4-½%) percent per annum, and the balance to amortization * * * Closing to be on January 14, 1949 at a time and place to be arranged with you or your attorneys. Your signature to a copy of this letter will constitute memorandum of contract between us.'' The letter was signed by the parties. The '' caption '' referred to is as follows: '' Re: First Mortgage $173,915.00 — Premises 1815 Riverside Drive, New York City.''

It appears from the complaint that: On or about January 11, 1949, plaintiff advised defendant the closing would be held at the office of plaintiff's attorneys on January 14, 1949, when and where the assignment of the first mortgage would be ready for delivery.

On or about January 13, 1949, defendant advised plaintiff it would not appear at the time and place fixed for closing and would not accept the assignment of said mortgage nor would defendant pay the contract price.

Plaintiff alleges it at all times has been and is ready, able and willing to deliver to the defendant an assignment of the said first mortgage and otherwise comply with the terms and provisions of the agreement on its part to be performed.

Plaintiff's claim to specific performance is based upon the following allegations of the complaint:

8. That the said first mortgage is a first lien on specific real property of great value. It cannot be readily obtained in the market and is a specific and unique chattel.

9. Defendant would be entitled to apply for specific performance if plaintiff breached said contract.

10. That by reason of the premises, the plaintiff alleges that it has no adequate remedy at law.

At the outset it might be well to observe that mutuality of remedy need not exist at the time of the formation of the contract as a condition for specific performance, for the remedy may become mutual and the vendor generally may bring an action in such cases in which the purchaser could sue for specific performance (*Woodruff* v. *Germansky,* 233 N. Y. 365). However " What equity exacts to-day as a condition of relief is the assurance that the decree, if rendered, will operate without injustice or oppression either to plaintiff or to defendant. * * * Mutuality of remedy is important in so far only as its presence is essential to the attainment of that end " (*Epstein* v. *Gluckin,* 233 N. Y. 490, 494; *National Surety Corp.* v. *Titan Constr. Corp.,* 26 N. Y. S. 2d 227, affd. 260 App. Div. 911; *MacLaeon* v. *Lipchitz,* 56 N. Y. S. 2d 609, affd. 269 App. Div. 953; *Cummings* v. *Ziterer,* 63 N. Y. S. 2d 347; *Seiler* v. *Geier,* 191 Misc. 357).

It is clear that a court of equity has jurisdiction to decree specific performance of a contract concerning personal property, but generally will not exercise such jurisdiction when the money value of the property recoverable as damages will enable the party to purchase in the market property of like kind and quality (*Fox* v. *Fitzpatrick,* 190 N. Y. 259; *Wadick* v. *Mace,* 191 N. Y. 1; *Waddle* v. *Cabana,* 220 N. Y. 18). Specific performance in respect of personal property is usual only when the right thereto is clear and the remedy at law inadequate, its enforcement attended with doubt or difficulty (*Cushman* v. *Thayer Mfg. Jewelry Co.,* 76 N. Y. 365; *Johnson* v. *Brooks,* 93 N. Y. 337), or where there is such special value to the party who wants the thing in specie, that he cannot otherwise be compensated (*Johnson* v. *Brooks, supra; Bomeisler* v. *Forster,* 154 N. Y. 229; *Butler* v. *Wright,* 186 N. Y. 259; *Everett* v. *De Fontaine,* 78 App. Div. 219; *Bateman* v. *Straus,* 86 App. Div. 540; *Chabert* v. *Robert & Co.,* 273 App. Div. 237; *Lochmann* v. *Meehan,* 66 Hun 633, opinion in 21 N. Y. S. 389, affd. 142 N. Y. 666).

To take the case out of the general rule that a court of equity will not entertain an action for the specific performance of a contract for the sale of personalty, facts must be alleged and proved which show that an award of damages for a breach of the contract of sale would not afford the plaintiff an adequate

remedy (*Hammond* v. *Morgan,* 101 N. Y. 179; *Fox* v. *Fitzpatrick,* 190 N. Y. 259, *supra; Everett* v. *DeFontaine,* 78 App. Div. 219, *supra; Lochmann* v. *Meehan,* 21 N. Y. S. 389, 66 Hun 633, affd. 142 N. Y. 666, *supra; Harle* v. *Brennig,* 131 App. Div. 742; *Rawll* v. *Baker-Vawter Co.,* 187 App. Div. 330). A peculiar, unique and special character of such personalty which cannot be measured by money damage must be shown (*McMartin* v. *McMartin,* 59 N. Y. S. 2d 449, affd. 272 App. Div. 767; *Chabert* v. *Robert & Co.,* 273 App. Div. 237).

· Even in respect of a special and unique chattel equity will not usually enforce specific performance or delivery where the value has been fixed by the parties or can be readily ascertained and the debt or damages can be recovered in an action at law (Pomeroy on Specific Performance of Contracts, p. 37; 58 C. J., Specific Performance, § 254, p. 1037). *Glick* v. *Beer* (263 App. Div. 599) involving Bulgarian tobacco where the buyer sought performance, which is here relied upon by plaintiff, can hardly be regarded as analogous to this action where the seller seeks to compel the purchase at a discount of a first mortgage upon New York City real property.

The averment that plaintiff has no adequate remedy at law based upon the naked allegations that the mortgage is a first lien on real property of great value, and it cannot be readily obtained in the market and is a specific and unique chattel, is a mere conclusion not supported by any alleged facts (*Ehrich* v. *Grant,* 111 App. Div. 196).

Upon the meagre facts as they appear it is difficult to agree that an award of damages at law will not give plaintiff the compensation to which it is entitled and put it in a situation as beneficial to it as if the agreement were specifically performed (*Phillips* v. *Berger,* 2 Barb. 608, affd. 8 Barb. 527). This is clearly the proper rule here as the object sought to be reached is money as is shown by the prayer for relief that defendant be directed " to pay to the plaintiff the agreed price   *   *   * " which is plaintiff's own estimate of value, or at any rate a value agreed upon and accepted by plaintiff (*Rawll* v. *Baker-Vawter Co.,* 187 App. Div. 330, *supra; McMartin* v. *McMartin,* 59 N. Y. S. 2d 449, affd. 272 App. Div. 767, *supra; Marthinson* v. *King,* 150 F. 48; *Kane* v. *Luckman,* 131 F. 609). Motion is granted " with leave to serve a proper complaint on the law side of the court " (*Robinson* v. *Whitaker,* 205 App. Div. 286, 291). Order signed.