Dominick Rizzo et al., Plaintiffs, *v.* Stamp Realty Corp., Defendant.

Supreme Court, Special Term, Kings County, October 13, 1949.

*A. J. Scotto* for plaintiffs.

*Raphael H. Weissman* for defendant.

HOOLEY, J. This is an action for specific performance by the buyers against the seller of real estate. The defendant owned other vacant land to the north which is corner property and suitable for use as a gasoline station. The main defense to the action is substantially the claim that plaintiffs knew that defendant owned the corner parcel and that it was suitable for use as a gas station, and that in order to induce defendant to sign the contract, plaintiffs represented to defendant that they desired to buy the subject parcel, which consisted of vacant land, for the sole purpose and use of storing automobiles thereon in connection with the operation of their repair shop which adjoined the subject property on the south.

The testimony offered by defendant was insufficient to show a deliberate false and fraudulent intent to mislead the defendant. The court finds as a fact that the plaintiffs did not falsely and fraudulently misrepresent their intentions in regard to the property. The testimony offered by the defendant to support this contention was vague and uncertain. The court finds that plaintiffs did not inform the defendant that they intended to place a gasoline station on the property, and that plaintiffs did say during the negotiations that they intended to use the property in connection with their present business of automobile repair shop, and that they, the plaintiffs, were intending to use the land as a parking lot in connection with their present business. This is not sufficient to sustain the claim of defendant.

While it is true that in the absence of outright fraud, specific performance of a contract may be refused if induced by some

sharp practice or misrepresentation, the court is not convinced that there is any adequate proof sufficient to call for its intervention to void the contract.

In *Adams* v. *Gillig* (199 N. Y. 314), strongly relied upon by the defendant, the record shows that the defendant in that case purposely, intentionally and falsely stated to the plaintiff that he desired to purchase a portion of a vacant lot for the purpose of building a dwelling thereon.

In the *Adams* case (*supra,* p. 323) the court said in part: " The courts will be vigilant to prevent the rescission for fraud of a contract deliberately made unless the fraud is admitted or proven by most satisfactory evidence. (6 Cyc. 336.)" That satisfactory evidence is missing here.

Defendant also contends that because of lack of mutuality of remedy at the inception of the contract, plaintiffs may not have specific performance. While it is true that the plaintiffs did have the option of canceling the contract at any time prior to March 31, 1949, there did come a time when they were no longer free to do so. The purchasers became bound to complete the contract either by lapse of time (March 31, 1949) or by an affirmative act on their part notifying the seller of the actual closing date, and of intention to close title on five days' prior written notice. As soon as either condition occurred, then the plaintiffs were just as bound as the defendant. The plaintiffs thus became obligated on November 22, 1948, when they advised the seller of a closing date prior to May 1, 1949. Furthermore, since the case of *Epstein* v. *Gluckin* (233 N. Y. 490), it seems to be a well-settled rule that mutuality of remedy is not essential at the inception of the contract. The court in that case said in part: " If there ever was a rule that mutuality of remedy existing, not merely at the time of the decree, but at the time of the formation of the contract, is a condition of equitable relief, it has been so qualified by exceptions that, viewed as a precept of general validity, it has ceased to be a rule to-day (*Catholic F. M. Society* v. *Oussani,* [215 N. Y. 1] *supra; Trustees of Hamilton College* v. *Roberts,* 223 N. Y. 56; *Haffey* v. *Lynch,* 143 N. Y. 241, 248; *Waddle* v. *Cabana,* 220 N. Y. 18, 26; *Bostwick* v. *Beach,* 103 N. Y. 414, 422; *Heald* v. *Marden, Orth & Hastings Co.,* 233 N. Y. 575; *Paterson* v. *Chase,* 115 Wis. 239; Stone, The Mutuality Rule in New York, 16 Columbia Law Review, 443; 3 Williston, Contracts, secs. 1433, 1436, 1440, and cases there cited). What equity exacts to-day as a condition of relief is the assurance that the decree, if rendered, will operate without injustice or oppression

618

·either to plaintiff or to defendant (Williston, *supra*; Stone, *supra*; Ames, Lectures on Legal History, p. 370; Lewis, Want of Mutuality in Specific Performance, 40 Am. Law Reg. [N. S.] 270, 382, 447, 507, 559; 42 id. 591). Mutuality of remedy is important in so far only as its presence is essential to the attainment of that end." (Pp. 493–494.)

This rule has been followed in many cases, a few of which are: *National Surety Corp.* v. *Titan Constr. Corp.* (26 N. Y. S. 2d 227, affd. 260 App. Div. 911); *MacLaeon* v. *Lipchitz* (56 N. Y. S. 2d 609, affd. 269 App. Div. 953); *Cummings* v. *Ziterer* (63 N. Y. S. 2d 347); *Seiler* v. *Geier* (191 Misc. 357), and *Trustees of Columbia University* v. *Mortgagee Investors Corp.* (196 Misc. 92).

It follows that the so-called claim of lack of mutuality is not a defense herein.

Judgment for plaintiffs, without costs.