■ Murray Kaplan, Respondent, v. Louis Blitzblau, Individually and Doing Business as Lobell Company, Appellant.— Appeal from a judgment entered on a decision rendered after trial in Supreme Court, Schenectady County. Plaintiff has had judgment for $15,000 damages for breach of defendant's contract with him to sell real property, stock and fixtures and a wholesale tobacco and confectionary business. Proof of the defendant's breach of contract is very strong in the record, but the damages awarded to plaintiff are based on the profits which plaintiff would have made in a two-year period had the purchase and sale gone through and had plaintiff thereafter operated the business profitably. This, in turn, is based on profits that defendant had made. We think damages on this basis are inadmissible for two reasons: (a) no such damages are pleaded; (b) the measure is too speculative and uncertain. The complaint is very specific about elements of damage relied upon and loss of prospective profits is not one of them. The other items were properly not found by the court. The general rule of damage on breach of a contract or purchase and sale is the difference between the true value and the contract price. The provisions of subdivision 3 of section 148 of the Personal Property Law are a restatement of common-law principles which apply as well to real property, e.g., *Hayden* v. *Pinchot* (172 App. Div. 102). There are exceptions where it is shown no market exists; or there is no reasonable means of ascertaining the usual differential between bargain and value, but to apply other measures of damage plaintiff must show preliminarily the necessity for recourse to other measures. The profit the seller had made by the use of capital and management over a two-year period would in any case be a doubtful basis for damage in this kind of action. (See, e.g., *Garber* v. *Siegel*, 194 Misc. 966, mod. 274 App. Div. 1068.) It has not been demonstrated that the real estate here in issue, or the business, fixtures and good will bought and sold, had no market value. If they had, this is the foundation of damage. As a matter of discretion we think the complaint should not be dismissed, but a new trial ordered with permission to plaintiff to move for such amendment of pleading as he may be advised. Judgment reversed on the law and the facts and a new trial ordered, with costs to abide the event. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.

■ Floris Sax, as Executor of Kermit Sax, Deceased, Respondent, v. Postal Life Insurance Company of New York, Appellant.— Order denying defendant's motion for summary judgment affirmed, with $10 costs. We do not adopt the interpretation of the contract made at Special Term but hold merely that a triable issue is presented as to whether insured was a full-time employee within the contract definition. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.

■ John M. Parker et al., Appellants, v. Metropolitan Casualty Insurance Company of New York, Respondent.— There were factual issues which should have been determined after a completed trial and submission to the court. A nonsuit should not have been granted. Judgment and order reversed, on the law and the facts, and a new trial ordered, with costs. Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur.