WIGGINTON, Acting Chief Judge.
Defendant and counterclaimant has appealed a final decree rendered against him-in a mechanic lien foreclosure proceeding brought by plaintiff. It is contended that the chancellor misconstrued the controlling-terms and provisions of the contract between the parties on the issue of liability,, and that the judgment awarded plaintiff is-contrary to the manifest weight of the evidence and justice of the cause.
Plaintiff, appellee here, entered into a subcontract with defendant who was the prime-contractor for the construction of a shopping center in Volusia County. By this contract plaintiff agreed to furnish all labor,, scaffolding and equipment necessary for laying the concrete block units specified in the general contract. At the completion of' his work plaintiff made demand on defendant for the balance which he claimed to be-due him under the contract, which demand' was refused. Plaintiff duly filed a claim of lien pursuant to the provisions of the mechanic’s lien law. In the course of time-this action was filed seeking a lien against, the improved property in the amount found' to be due plaintiff. The complaint further prays that if it be determined that plaintiff is not entitled to a lien against the improved, real property, that he be granted a personal! *377 .judgment against defendant contractor for the amount owed him.
Defendant answered the complaint denying all material allegations relating to the issue of liability, and asserted the affirmative defense of estoppel based upon the failure of plaintiff to make his claim for the amounts alleged to he owed him within the time and in the manner specified by the contract. Defendant also filed a counterclaim against plaintiff seeking a money judgment for damages allegedly suffered as a result of plaintiff’s breach of contract, which damages consisted of costs and expenses incurred in completing the subcontract and in correcting defective work performed by plaintiff for which he had been paid.
By his proof plaintiff sought to establish that during the course of his performance of the subcontract, he was directed by defendant’s superintendent to make numerous substantial changes in the construction of the building, which changes varied from the original plans and specifications. It is the reasonable value of the services rendered by plaintiff in making the required changes in construction as directed by defendant which forms the basis for his claim of lien ■and right to judgment.
After hearing the testimony of the parties the chancellor rendered his decree containing specific findings of fact and his con•clusions of law. By his decree the chancellor found that substantial changes were made during the course of construction which differed from the construction plans, none of which changes were requested in writing.
The payment provisions of the subcontract between the parties provide in Section 4 thereof as follows:
“The Contractor agrees to pay the Subcontractor for the performance of this work the sum of 18 cents per unit. Payments made 10th approx. ($.18) in current funds, subject to additions and deductions for changes as may be agreed upon, and to make payments on account thereof in accordance with Section 5 hereof.”
Section 5 of the subcontract provides that:
“The Subcontractor agrees—
* * * * *
b) To submit to the Contractor ■ applications for payment in such reasonable time as to enable the Contractor to apply for payment under Article 24 of the General Conditions, or as amended by Supplementary General Conditions.”
The chancellor construed the two foregoing provisions of the subcontract to mean that under Section 4 thereof plaintiff was entitled to be paid by defendant a sum equivalent to eighteen cents per unit for the labor and material furnished in laying the concrete block called for in the plans and specifications, together with such additional amounts as may be earned by the subcontractor on account of changes made under the contract. He further interpreted the contract to mean that these payments should he made in accordance with the provisions of subsection (b) of Section 5 quoted above, by the subcontractor submitting to the contractor applications for payment at such reasonable times as may be agreed upon by the parties so as to enable the contractor to apply for payment from the owner in accordance with Article 24 of the general conditions of the prime contract. The testimony shows without conflict that applications for payment by the subcontractor were made monthly for work done under the original contract during the previous month, and payment was made by the contractor generally within ten days thereafter. The court found that the applications for payment submitted by the plaintiff for the labor and material furnished in making the changes in construction as directed by the defendant were made within a reasonable time after the work was performed, for which defendant owed plaintiff the amount awarded by the decree.
*378 Appellant urges that the manifest weight of the evidence adduced at the trial establishes without serious conflict that all of the extra work for which plaintiff claims payment was performed in tearing out defective and unacceptable work previously done by him and for which he had received payment, and in doing it over in a manner acceptable to defendant. Appellant insists that any fair and objective consideration of the evidence can lead only to the conclusion that all extra costs and expenses incurred by plaintiff were made necessary because of the defective and unacceptable quality of his work, and that the materials furnished and labor performed in accomplishing this extra work were in the fulfillment of his contractual obligations for which defendant is not liable.
Appellant further contends that even if the evidence could be so construed as to establish that plaintiff incurred costs' and expenses in making changes in construction as directed by defendant’s superintendent, he failed to make claim for the amount owed him within the time and in the manner required by the contract. For this reason defendant asserts that plaintiff is estopped to assert such claim and demand judgment therefor. In support of this position appellant argues that any such claim must be considered as a claim for extra costs under the subcontract, the payment for which may be made only in accordance with provisions of Section 5(c) which is as follows:
“The Subcontractor agrees—
******
c) To make all claims for extras, for extensions of time and for damage for delays or otherwise, to the Contractor in the manner provided in the Contract for like claims by the Contractor upon the Owner, except that the time for making claims for extra cost is one week.”
Since the evidence affirmatively establishes that appellee’s claim for work performed in complying with the changes in design of the building was not made within one week after performance of the work, appellant insists that appellee is foreclosed and es-topped from making such a claim at a later date. Appellant urges that the chancellor misinterpreted the contract by ignoring or holding inapplicable the last above-quoted section of the contract relative to payment for extra costs.
We have reviewed the testimony adduced by the respective parties at the trial. From the record we find evidence which is-sufficiently substantial to support the chancellor’s finding that the labor and material furnished by plaintiff for which claim is. made in this proceeding were in connection with changes in design of the building constituting departures from the original plans and specifications. Since the provision dealing with payment of amounts-earned for work done in accordance with the original plans and specifications is dealt with in the same paragraph of the contract dealing with payment for changes as may be agreed upon, both categories of which payments are to be made in accordance with Section 5 which requires that application for payment be made on a monthly basis,, we are of the view that the chancellor’s interpretation of the contract was correct. Such interpretation is in accordance with the general rule relating to the construction of building contracts set forth in Florida Jurisprudence as follows:
“ * * * Where there is a deviation from the original plan of construction by consent, the rule of payment in the contract is not thereby excluded, but the extras may be paid for according to the usual rate of charges.” [1]
Admittedly, the record reflects instances of defective and unacceptable work performed by plaintiff in the course of the subcontract, which work plaintiff corrected at the direction of defendant. It appears clear, however, from the recitals in the final decree appealed that this circumstance was recognized by the chancellor, and no costs *379 and expenses incurred by plaintiff m making such corrections were allowed in the 'judgment awarded him. In this regard the final decree recites:
“That the Plaintiff’s pleadings do not include the theory of Quantum Meruit Basis of recovery, and that a preponderance of the evidence indicates that the Plaintiff’s workmen did produce some substandard work on the job, and the Defendants’ superintendent did object to ■some of the Plaintiff’s work and it was immediately changed by the Plaintiff, and that the Defendants’ superintendent did not immediately object to other of the Plaintiff’s work.”
Plaving found as he did that there had been a deviation from the original plan of •construction in connection with which plaintiff furnished additional material and labor, the chancellor may not be held in error for having found that plaintiff was •entitled to reimbursement for the costs and •expenses incurred in making the changes in construction as directed. In De Lotto v. Fennell[2] the Supreme Court said:
“When parties enter into an agreement or contract for construction work and •during the progress thereof alterations or ■changes are requested in the form of extras and otherwise, then the law implies an obligation to pay the reasonable costs thereof in addition to the stipulated sum named by the parties in the original agreement. * * * ”
In conclusion we find that the evidence respecting plaintiff’s entitlement to the amount claimed by him in this cause was conflicting. The chancellor accepted and relied upon the evidence which supported plaintiff’s claim. Such findings are clothed with a presumption of correctness and must be sustained unless shown to be clearly erroneous. From the record as a whole we cannot say that the chancellor abused his discretion, or misinterpreted the legal effect of the evidence in reaching the conclusions incorporated in his final decree. In fairness it must be said that had a contrary conclusion based upon defendant’s evidence been reached by the chancellor, it would have been equally sustainable. Appellant having failed- to demonstrate error, the decree appealed is affirmed.
CARROLL, DONALD K., and JOHNSON, TT., concur.

. 7 Ma.Jur. 191-192, Contracts, § 122.

. De Lotto v. Fennell, (Fla.1951) 56 So.2d 518, 520.