276 So.2d 250 (1973)
Leslie J. MANGUS, Appellant,
v.
Donald PORTER, Appellee.
No. 72-660.
District Court of Appeal of Florida, Third District.
April 10, 1973.
Rehearing Denied May 8, 1973.
H. Robert Koltnow, Miami, for appellant.
Norman B. Smith, North Miami, for appellee.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PEARSON, Judge.
The plaintiff-appellant is a collector of antique automobiles. The defendant-appellee placed an advertisement in the Miami Herald offering a 1929 Stutz Town Sedan for sale. Shortly thereafter, the appellant *251 and appellee, as buyer and seller respectively, entered into a written agreement for the sale of the vehicle. In his amended complaint, the appellant prayed for specific performance[1] to enforce the terms of the agreement, and now appeals the chancellor's final decree denying such relief. We reverse and hold that the chancellor's decree was contrary to the clear, convincing, and virtually undisputed evidence which showed that the plaintiff was entitled to the relief sought.
The amended complaint alleged that the terms of the contract provided that the appellant deposit the sum of $100.00 with the appellee as part payment toward purchasing the Stutz automobile. The balance of the money was to be tendered upon delivery of the vehicle from New York to Miami. According to the agreement, the appellant would have the right of "inspection and approval", and would have the further choice of canceling the sale if the automobile were not as promised.[2] The evidence before the chancellor established that the appellee did not fulfill the provision of the contract requiring the automobile to be available for appellant's inspection. Indeed, the evidence indicated that the appellee concealed the fact that the automobile had arrived in Miami by falsely informing the appellant that the vehicle was unavailable. When appellant learned of the falsity of appellee's representations, he demanded the right to inspect the automobile. The right was denied to him by the appellee. Then, appellant waived his right to inspection along with any possibility of rejecting the automobile, and tendered to the appellee the balance of the purchase price demanding delivery of the automobile in its then existing condition.
There were further dealings between the parties and suit was filed, but at no time prior to the filing of the suit did appellant withdraw either his waiver of inspection or his tender of the balance of the purchase price. The trial court, obviously impressed with the fact that at the time of the drafting of the contract there was no mutuality as to the remedy of specific performance, denied relief to the appellant.[3]
*252 We recognize that the findings of the chancellor are clothed with a presumption of correctness and will be sustained unless shown to be clearly erroneous. See Topper v. Alcazar Operating Co., 160 Fla. 421, 35 So.2d 392 (1948); Tassinari v. Chaney, Fla.App. 1966, 187 So.2d 376. In general, the discretion of the chancellor in refusing specific performance of a contract simply will not be disturbed on appeal. See Topper v. Alcazar Operating Co., supra; Bliss v. Hallock, Fla.App. 1959, 113 So.2d 889; Mann v. Thompson, Fla.App. 1958, 100 So.2d 634; Greenfield v. Bland, Fla.App. 1958, 99 So.2d 727. Nevertheless, the judicial discretion of the chancellor is controlled by settled principles of law and equity. See Martin v. Albee, 93 Fla. 941, 113 So. 415 (1927). In Florida, it is firmly established that this discretionary power is not unbridled but is limited to the impartial exercise of a sound judicial discretion. This principle is set forth in the cases of Martin v. Albee, supra, and Buck v. McNab, Fla.App. 1962, 139 So.2d 734. In the Martin case, Chief Justice Ellis, speaking for the Supreme Court of Florida, expressed the principle as follows:
* * * * * *
"The relief prayed for in a suit for specific performance is largely within the discretion of the chancellor. It is not a matter of right solely, but it is subject to the circumstances of the transaction which may or may not move the conscience of the chancellor, which in all his decrees and orders must be colored or tempered by the rules of law which constitute his guide and compass." [Emphasis supplied]
* * * * * *
It thus follows that an appellate court will not affirm a chancellor's decree if the chancellor's exercise of discretion is without any evidentiary basis and contravenes a positive rule of law. See Little v. Sullivan, Fla. 1965, 173 So.2d 135; All Florida Surety Company v. Vann, Fla.App. 1961, 128 So.2d 768; Sompayrac v. Lewis, Fla. App. 1959, 112 So.2d 52. In the case at bar, the undisputed evidence reveals that at the time of the filing of the complaint, the appellant had waived the requirement for inspection and had tendered the full purchase price set forth in the contract. This action removed the lack of mutuality of remedy which was apparent in the original contract. Mutuality of remedy is not necessary at the time of the making of the contract as long as it is present at the time of the filing of the complaint. See Howard Cole & Co., Inc. v. Williams, 157 Fla. 851, 27 So.2d 352 (1946); Standard Lumber Co. v. Florida Industrial Co., 106 Fla. 884, 141 So. 729 (1932); Vance v. Roberts, 96 Fla. 379, 118 So. 205 (1928).
In recognition that the law might well be as above stated, the appellee has taken the position that appellant's testimony indicates that the appellant is dissatisfied with the condition of the automobile and thinks it unfair that he pay the full contractual amount for it. We have examined this testimony and while appellee's position has a basis in the record, appellant's testimony in no way signifies a disavowal of the contract. We hold that appellant's expressed dissatisfaction does not afford a basis for the chancellor to exercise his discretion by denying the remedy which the law affords under the circumstances of this case.
In reference to appellant's right to inspect the automobile, it has been held that mutuality of remedy is not destroyed by the insertion of a condition precedent in a contract, especially when the insertion of the condition is for the benefit and protection of the party who originally requested it. See Westerberg v. Nininger, 149 Fla. 528, 6 So.2d 378 (1942); Gottlaub v. Cohen, 139 N.J. Eq. 323, 51 A.2d 254 (1947); Seiler v. Geier, 191 Misc. 357, 77 N.Y.S.2d 628 (1947).
Accordingly, the judgment appealed is reversed, and the cause is remanded with directions to enter a decree for the plaintiff in accordance with the views herein expressed.
Reversed and remanded.
NOTES
[1] It is a well-established legal principle that a court of equity will grant specific performance of a contract involving personal property when the property is of a unique character and value, such as an antique, and there is no adequate remedy at law. Graham v. Herlong, 50 Fla. 521, 39 So. 111 (1905); Yulee v. Canova, 11 Fla. 9 (1864-1865); Hogan v. Norfleet, Fla.App. 1959, 113 So.2d 437. See 49 Am.Jur. Specific Performance § 126 (1956).
[2] The written contract signed by the purchaser and the seller was in its substantive portions as follows:

"Purchase Agreement between Leslie J. Mangus and Donald Porter In re Stutz Town Sedan M 8PCCTO3Y Id. No Title No 86117211 1929 8 cyl Pvt. N.Y. Fla Tag
Purchase Price $2,500.00 Delivered in Miami, Free and clear One Hundred dollars deposit check No 553  63-724 Said deposit made this date subject to inspection and approval when car arrives in Miami Fla. If purchasor [sic] doesnt [sic] want car money has to be re funded [sic].
Delivery within one month from date."
[3] In so doing, the court said:

* * * * *
"I have been bothered from the beginning of this case by this contract and now that I have heard the testimony I have made up my mind. This portion of the contract, if purchaser does not want car, money has to be refunded. I cannot agree with you on the law on the mutuality. It may be that if the defendant had changed his mind after the inspection and acceptance and tender by the plaintiff, perhaps at that time it would have been too late and it would have been a complete contract, but at the time the defendant changed his mind, there had not been an inspection and acceptance and a tender and at that point when he changed his mind, he would have been unable, absolutely, to have specific performance himself. He could not have forced the plaintiff to have gone through with the contract at that point. That is the basis of the Court's decision."