COPE, C.J.
This is an appeal of a final order dismissing a second amended complaint for specific performance with prejudice. We conclude that the trial court erred by declaring the contract illusory, and remand for further proceedings.
The plaintiff Juan Suarez (“Buyer”) entered into a contract with the defendant Saberlo Family Limited Partnership (“Seller”) to purchase vacant land. The contract contained a Feasibility Study provision. This provision stated, in part:
(1) Feasibility Study: Buyer will, at Buyer’s expense and within 30 days from Effective Date (“Feasibility Study *456 Period”), determine whether the Property is suitable, in Buyer’s sole and absolute discretion, for - use....
[[Image here]]
Buyer will deliver written notice to Seller prior to the expiration of the Feasibility Study Period of Buyer’s determination of whether or not the Property is acceptable. Buyer’s failure to comply with this notice requirement will constitute acceptance of the Property as suitable for Buyer’s intended use in its “as is” condition. If the Property is unacceptable to Buyer and written notice of this fact is timely delivered to Seller, this Contract will be deemed terminated as of the day after the Feasibility Study period ends and Buyer’s depos-ites) will be returned after Escrow Agent receives proper authorization from all interested parties.
(Emphasis added).
According to the second amended complaint, the Buyer and Seller thereafter agreed that the Buyer would accept the property in “as is” condition. On April 9, 2003, the Buyer notified the Seller in writing that the Buyer was ready, willing and able to close at any time upon satisfaction of the requirements set forth on the title insurance commitment.* On April 15, 2003, the Seller sent a letter to the Buyer stating that the contract was not a valid agreement and that the agreement was not executed by the general partner as required by law. Thereafter the Buyer sent two additional letters demanding a closing but the Seller did not do so.
The Buyer filed this action for specific performance. The trial court dismissed the second amended complaint with prejudice on the theory that the contract was illusory. The Buyer has appealed.
The trial court was troubled by the fact that the parties had left a blank space in the portion of the Feasibility Study paragraph where the Buyer should have stated the intended use of the property. In the trial court’s view, leaving the blank space allowed the Buyer an unfettered right to cancel the contract within the thirty-day period. The court ruled that the contract was illusory and lacking in mutuality.
We must respectfully disagree with the trial court’s analysis. The contract allowed a thirty-day period for the Feasibility Study. Prior to the expiration of the Feasibility Study period, the Buyer had to advise the Seller whether or not the property was acceptable. If the Buyer failed to give the notification prior to the end of the Feasibility Study period, then the Buyer’s failure to comply “constitute[d] acceptance of the Property as suitable for Buyer’s intended use in its ‘as is’ condition.”
The parties appear to agree that leaving the blank in the Feasibility Study provision rendered the contract illusory until that condition was satisfied or waived. See Pan-Am Tobacco Corp. v. Dept. of Corrections, 471 So.2d 4, 5 (Fla.1984); Pick Kwik Food Stores, Inc. v. Tenser, 407 So.2d 216, 218 (Fla. 2d DCA 1981); Parker v. Weiss, 404 So.2d 820, 821 (Fla. 1st DCA 1981). For present purposes we assume, but need not decide, that is so.
The second amended complaint sufficiently alleges both an explicit and implicit waiver of the Feasibility Study provision. It is alleged that the Buyer agreed with the Seller that the Buyer would accept the property in its “as is” condition. This is an allegation of an explicit waiver. The second amended complaint also attached three letters in which the Buyer demanded *457 a closing. Such a demand to close constitutes an implicit waiver.
The trial court reasoned, however, that the Seller had canceled the contract in its April 15 letter, which was before the expiration of the Feasibility Study period, and that such cancellation was legally effective to terminate the contract. We must respectfully disagree. The second amended complaint alleges that (a) the Buyer and Seller agreed that the Buyer would take the property as is, and (b) the Buyer sent the April 9 letter requesting a closing. Either of those acts was sufficient to waive the Feasibility Study provision, and both are alleged to have taken place prior to the April 15 letter in which the Seller attempted to cancel the contract. The attempted cancellation came too late. We conclude that the waiver of the Feasibility Study provision removed any issue that the contract was illusory or lacked mutuality. See Mangus v. Porter, 276 So.2d 250, 252 (Fla. 3d DCA 1973).
For the stated reasons, we reverse the dismissal order and remand for further proceedings consistent herewith.

 There is no indication in the second amended complaint, nor has anyone argued, that any of the issues involved in the title insurance commitment had anything to do with the Feasibility Study provision.